M. H. FUNK, Appellant, v. FRANK J. GRULKE et al., Appellees.

B. F. FUNK, Appellant, v. FRANK J. GRULKE et al., Appellees.

WILLS: Rights of Legatee—Renunciation of Legacy—Effect. The act of a testamentary beneficiary in executing and making of record an unconditional and final renunciation of all benefits granted him under the will legally places such benefits beyond the reach of his creditors. (See Book of Anno., Vol. 1, Sec. 11846, Anno. 396.)

Headnote 1:  39 Cyc. p. 242; 40 Cyc. pp. 1744, 1775, 1898.

Headnote 1:  27 A. L. R. 465; 28 R. C. L. 353.

*Appeal from Cass District Court.*—J. S. DEWELL, Judge.

MAY 3, 1927.

REHEARING DENIED OCTOBER 1, 1927.

The plaintiff, having garnished, under a judgment, the executors of the estate of Albert F. Grulke, filed a pleading in the nature of a creditor's bill, whereby he sought to subject to the payment of his judgment the alleged interest of Carrie Ratzlaff, the judgment debtor, in said estate. The judgment debtor was a legatee by the original will, and took thereunder one sixth of the estate. The controversy involves the consideration of a later codicil and of the later renunciation by Carrie Ratzlaff of the provisions of the will in her behalf. Was the subsequent renunciation by Carrie Ratzlaff legally effective, as against her creditors? The district court dismissed the petition, and the plaintiff appeals.—*Affirmed.*

*E. M. Willard* and *Dalton & Knop,* for appellants.

*Addison G. Kistle* and *G. C. Wyland,* for appellees.

EVANS, C. J.—The will in question was executed in June, 1918. The testator thereby directed his executors to convert his property into money, and to divide the same into six equal parts, and to pay to each of his five surviving children one of such equal parts, and to the child of a deceased daughter, the sixth equal part. One of such devisees was Carrie Ratzlaff, daughter of the testator. In May, 1924, the testator executed the following codicil:

"I give, devise and bequeath unto my sons Oscar and Henry Grulke an undivided one sixth of all my estate, both real and personal, in trust for the following specific uses: Said trustees shall hold invest and manage said property for the benefit of my daughter Carrie Ratzlaff, they shall pay to her; for her maintenance, convenience and comfort from time to time, such sums and amounts as their judgment may deem necessary for such purposes. They may refuse to pay any such sum or amount for any period of years or during her lifetime, if they deem

such payments unnecessary. Six months after the death of my said daughter, said trustees shall pay to her legal heirs, *per stirpes*, all money and property in their possession unexpended under this trust. I direct that said trustees shall buy or sell real estate or any other property and convey title thereto without authority of court; and in the same manner as if said property was their own absolutely.''

The first question presented is whether the provisions of the foregoing codicil were to be in lieu of the devise made to Carrie Ratzlaff in the original will. Did the provisions of the codicil supplant the original devise to Carrie? The plaintiff contends for the negative on this question, and the defendants for the affirmative.

It will be noted that the codicil does not in terms purport to be in lieu of any previous devise.

The plaintiff contends for a presumption that the provision of the codicil was intended to be cumulative, in the absence of a contrary declaration; whereas the defendants contend for a presumption against the giving of double portions, in the absence of clear and express language to that effect. The question has its perplexity. In view of our conclusion on the other feature of the case, which will be decisive of the result in any event, we are disposed to pass the question here raised, without decision thereon.

This brings us to the consideration of the purported renunciation. Before any distribution of the estate, and before the conversion of the property into money by the executors, Carrie Ratzlaff filed the following:

''Renunciation and Rejection of Carrie Ratzlaff.

''Comes now Carrie Ratzlaff, a daughter of Albert F. Grulke, deceased, and do hereby, by this instrument, definitely and finally renounce and reject any and all bequests, gifts and share in the estate of my father Albert F. Grulke, deceased, which I might have under the last will and testament of my said father, Albert F. Grulke, who died on or about the first day of September, A. D. 1924, which will is now on file in the office of the clerk of the district court of Iowa in and for Cass County, and was admitted to probate in the district court of Iowa in and for Cass County on or about the 17th day of

October, A. D. 1924, and is recorded in Will Record 5 on page 574, in the office of the clerk of the district court of Cass County, Iowa. And I further renounce and reject any and all provisions for my benefit under the said last will and testament above mentioned and referred to and under the codicil thereof, together with any and all interest in both the estate of my said father under said will and codicil and in the estate of my said father, however arising, and I refuse to accept any and all provisions of said will and codicil.

"Dated this 29th day of September A. D. 1925."

Manifestly, the foregoing is, on its face, a complete renunciation of all benefits under the provisions of the will and codicil. It is assailed by the plaintiff on the ground that it was made fraudulently, and for the very purpose of defeating the plaintiff as a creditor; that it was the culmination of a fraudulent scheme entered into during the lifetime of the testator, pursuant to which the codicil was executed; and that the purpose of such scheme was to defraud the creditors of Carrie Ratzlaff. This is only saying that the testator had no lawful right to withhold his property from seizure by the creditors of his children. We have frequently held otherwise, and have affirmatively sustained the right of the testator to do that very thing. *Kiffner v. Kiffner*, 185 Iowa 1064. Unless the testator was guilty of fraud at this point, then those of his children who aided him in carrying out such purpose by the execution of the codicil could not be guilty of fraud. It is urged, however, that the renunciation was fraudulently executed, in that it was procured by a secret agreement with the trustees that, notwithstanding such renunciation, they would pay to the said devisee the one-sixth share devised to her in the will. This contention is predicated upon the testimony of the trustees, as witnesses, to the effect that they intended to perform the trust conferred upon them by the codicil, to the best of their judgment. This would be a duty which the trustees owed to the testator. Carrie Ratzlaff had no control over the trust, nor had she power to discharge the trustees. The trust is, by its terms, bound to continue during her lifetime. The ultimate distributees thereof will be her heirs. In no event has the plaintiff a right to subject the trust property to the payment of his debt.

This is equally so, whether the trustees pay benefits to the judgment-debtor or whether they withhold such payment. So far, therefore, as the subject-matter of the codicil is concerned, no fraud was possible, as against the plaintiff. If it be true, therefore, that the trustees expect to use the trust in aid of the judgment-debtor, as provided in the codicil, and if likewise she expects them to so administer such trust, no legal right of the plaintiff's is thereby impaired. This being so, it is quite immaterial whether such was the agreement or understanding between the parties when Carrie Ratzlaff executed the renunciation. The codicil conferred upon her no title to property. It gave her no power over the trustees. It left her a mendicant, at the mercy of their future judgment. There was no understanding that she was to receive her one-sixth share provided for her in the will, or any part thereof. No other property or interest could be available to the plaintiff as a judgment-creditor. We see no escape from the holding that by such renunciation Carrie Ratzlaff despoiled herself of her devise under the will. By the same token she necessarily despoiled her creditors. The right to make such renunciation was quite absolute. Being so, it cannot be reduced to a fraud, upon complaint of creditors.

We do not overlook the contention that the provisions of the codicil should not be deemed effective as against creditors of Carrie Ratzlaff, and that our previous cases on that subject, from *Meek v. Briggs*, 87 Iowa 610, to *Darling v. Dodge*, 200 Iowa 1303, are unsound. Sufficient to say that the holding in these cases represents the settled law of this state, affirmed and reaffirmed for the last 35 years. If it be desired to change the law in that respect, recourse must be had to legislative relief.

The decree of the district court is—*Affirmed.*

STEVENS, FAVILLE, VERMILION, MORLING, and KINDIG, JJ., concur.