Nellie G. Lehr, Appellee, v. Wesley G. Switzer et al., Appellees; John Weighton, Appellant.

No. 41018.

December 16, 1931.

Leonard L. Ryan, for appellant.

G. C. Dalton, Graham & Graham, and Chas. S. White, for appellees.

Faville, C. J.—Samuel Switzer died testate in Linn County, Iowa, in December, 1926. At the time of his death he was

the owner of an undivided one-half interest in certain lots located in Mount Vernon, Linn County, Iowa, and was the owner of a certain tract of real estate in Audubon County, Iowa. By the terms of the will of the said Samuel he bequeathed $1 to a son, Franklin D. Switzer, and divided all the rest and residue of his property among his four children, Nellie G. Lehr, Kate Switzer, Mary Sophia Walton, and Wesley G. Switzer, in equal parts, share and share alike. It appears from the record that the daughter Mary Sophia Walton had died prior to the death of the testator Samuel, and had left surviving her eight children as her sole heirs at law. This action was commenced by Nellie G. Lehr to partition said described real estate. All the other beneficiaries under said will and the heirs of the deceased daughter, together with certain other parties, were made defendants in the action. As to certain defendants it was alleged that they made some claim to the one-fourth interest in the land in Audubon County which passed to the son Wesley under the terms of the will of said decedent. The appellant Weighton was one of such defendants, and he answered the petition, claiming ownership of the one-fourth interest in the land which would pass to the beneficiary Wesley under the terms of the will of the testator, it being the contention of said Weighton that the said one-fourth interest was sold to him under an execution by the sheriff of Audubon County on April 5, 1927; that the said Weighton obtained a sheriff's deed to the interest of the said Wesley in said property on April 7, 1928. Wesley and his wife were non-residents of Iowa and were served by publication only, and, no appearance being made for them, default was entered against them. On November 16, 1929, the court entered a decree in said partition suit, establishing the interest and shares of each of the parties except as to the interest of Wesley in and to the land in Audubon County, and as to the issues raised by the answers of the defendants, claiming an interest in the share of the said Wesley in the Audubon County land, the court continued the matter for further hearing and determination, but ordered the said one-fourth share to be sold and the proceeds thereof held by the referee in lieu of the land. Thereafter the appellant Weighton filed a cross-petition claiming title to the share of the said Wesley in said land under said will and in the proceeds thereof by virtue of the sheriff's deed above re-

ferred to. Thereupon the appellee Nellie and the eight appellee heirs of Mary Sophia filed their answer and cross-petition wherein they alleged that on the 10th day of April, 1930, the said Wesley had filed in the office of the clerk of the district clerk of Linn County, in the proceedings in probate in the matter of the estate of said testator, a renunciation of all benefits accruing to him under the will of the said testator, and alleging that by reason of said renunciation the share of the said Wesley to the land in Audubon County which would have passed to him under said will vested in the said Nellie G. Lehr and the heirs of the deceased daughter Mary Sophia and the daughter Kate, and asking that the right thereto be established in them. To this answer and cross-petition the said Weighton in turn filed an answer and pleaded the decree of the court entered on November 16, 1929, in the partition suit, as a final determination that Wesley owned an undivided one fourth of said real estate. A hearing was had, and on or about September 23, 1930, the court entered a supplemental decree holding that the renunciation by Wesley was good and valid and that he received nothing under the will of his father in the land in Audubon County and that the levy of execution thereon was invalid and that nothing passed to Weighton under the sheriff's deed. It is from this supplemental decree that Weighton prosecutes this appeal.

█ In its final analysis the ultimate question for our determination is whether or not the renunciation of Wesley, filed after the sheriff's deed to appellant, is valid and binding. Said renunciation was filed on or about April 10, 1930, and is as follows:

"Comes now Wesley G. Switzer, a son of Samuel Switzer, deceased, and does hereby by this instrument definitely and finally renounce and reject any and all bequests, gifts and share in the estate of my father, Samuel Switzer, deceased, which I might have under the Last Will and Testament of my said father, Samuel Switzer, who died on or about the 1st day of December, 1926, at Mount Vernon, Iowa, which will is now on file in the office of the Clerk of the District Court of Iowa in and for Linn County and was admitted to probate in the District Court of Iowa in and for Linn County on or about the 6th day of January, 1927, and is recorded in Probate Record

of the District Court of Linn County, Iowa, in Vol. III at page 417.

"And I further renounce and reject any and all provisions for my benefit under the said Last Will and Testament above mentioned and referred to with any .and all interest in the estate of my said father under said will and in the estate of my said father however arising and I refuse to accept any and all provisions of said will.

"Dated this 19th day of March, A. D. 1930, at Spokane, Wash.

"Wesley G. Switzer."

That a beneficiary under a will has the right to file an unconditional and final renunciation of all benefits granted him under the will and that his creditors cannot complain of such renunciation is well established by our decisions. Brightman v. Morgan, 111 Iowa 481; Robertson v. Schard, 142 Iowa 500; Schoonover v. Osborne, 193 Iowa 474; Funk v. Grulke, 204 Iowa 314.

We find nothing in the record that estops Wesley from filing said renunciation. Wesley was a non-resident of Iowa. So far as appears he did no affirmative act or thing to lead appellant to believe that he intended to take under the will of his father Samuel. There is no claim that he ever asserted any rights whatever under said will or claimed any interest whatever in the premises in question by virtue thereof. No one appears to have been misled by any act or declaration of Wesley's with respect to said will or his rights thereunder. It is true that a long time elapsed after the death of the testator before the renunciation was filed, but it does not appear that appellant or anyone else suffered by the delay. It is true that there is a presumption that a beneficiary accepts the terms of a will that are beneficial to him, but this presumption is overcome by a complete renunciation. There is nothing in the record to show that Wesley ever knew of the levy of execution by appellant or the sale and sheriff's deed of his purported interest in the real estate in question.

We fail to find anything in the record that works an estoppel against Wesley or impeaches the validity of the renunciation.

II. It is contended that the original decree in the

partition suit was an adjudication that Wesley had a one-fourth interest in the Audubon County land. The original decree recited:

"It further appears to the court that the title to the undivided one-fourth interest in and to * * * (certain described land) * * * in Audubon County, Iowa, which was devised to the defendant, Wesley G. Switzer, by the terms of the Will of Samuel Switzer, deceased, is in dispute and that the defendants, John Weighton * * * (et al.) * * * have each filed answers claiming the ownership thereof or an interest in that said undivided interest. And by agreement of parties it is agreed that the hearing upon the issues therein raised in said answers be continued to the next term or some subsequent term of this Court but that all of said real estate be sold by the referee hereinafter appointed and the proceeds of said undivided interest devised to said Wesley G. Switzer and claimed by the aforementioned defendants in their answers, shall be held by said referee subject to further orders of this court and after a hearing and determination of the issues raised in the answers of said defendant in and to said undivided interest in the land in Audubon County, Iowa, devised to said Wesley G. Switzer pursuant to the terms of the Will of said Samuel Switzer. It is understood and agreed that the proceeds of the sale of said interest shall stand in lieu of said interest in said real estate."

This did not constitute an adjudication that Wesley was the owner of a one-fourth interest in the Audubon County land, nor bar him of the right to renounce the will. It left the matter of the alleged interest of Wesley in the one fourth devised to him expressly open for further determination, and at the time of final determination it appeared that Wesley had no interest whatever in the premises by reason of the renunciation. That the renunciation relates back to the time when under the law the will became effective is well established. See Schoonover v. Osborne, supra, and cases cited therein.

 III. It is contended that by the renunciation the one fourth devised to Wesley became intestate property and passed to the heirs of the testator as such, and that Wesley, being an heir, would take a one sixteenth of said property as his share.

The share given to Wesley was in the residuary clause of

the will. The general rule is that where the residuary gift is to several beneficiaries, as in this case, and as to one of such residuary beneficiaries the gift lapses, the share of such beneficiary goes to the testator's heirs or next of kin as intestate property, and does not increase the shares of the other beneficiaries under the residuary clause. Levings v. Wood, 170 N. E. 767, 339 Ill. 11; In re Hall's Estate, 190 Pac. 364 (Cal.); Crocker v. Crocker, 120 N. E. 110 (Mass.); In re Billings Estate, 110 Atl. 767 (Pa.); Stetson v. Eastman, 24 Atl. 868 (Me.); Kent v. Kent, 55 S. E. 564 (Va.); Lyman v. Coolidge, 56 N. E. 831 (Mass.); Canfield v. Canfield, 50 Atl. 471 (N. J.); Booth v. Baptist Church, 28 N. E. 238 (N. Y.).

This being the rule, under the facts of this case, Wesley being an heir of testator would be entitled to one sixteenth of the property in Audubon County. The property having been sold and the proceeds being in the hands of the referee, an order of distribution in accordance with this opinion can be entered by the lower court. The costs in this court will be taxed one fourth to appellant and three fourths to appellees.

The motion to dismiss which was ordered submitted with the case is overruled.

The supplemental decree of the trial court is reversed and the cause remanded for decree in accordance with this opinion.—Reversed and remanded.

All Justices concur.