THOMAS L. McGARRY, Trustee, Appellant, v. MARCELLA MATHIS et al., Appellees.

No. 44421.

December 13, 1938.

Rehearing Denied May 12, 1939.

John R. DeWitt and Harry B. Swan, for appellant.

Dalton & Dalton, for appellees.

RICHARDS, J.—The will of James R. Graham, deceased, was allowed to probate in Cass county district court on July 6, 1927. By its terms all his property of whatever nature was devised and bequeathed to his surviving spouse, defendant Melvina Graham, for and during her natural life. She filed her election on July 16, 1927, accepting the terms and provisions of the will in lieu of all other legal rights in the estate. Subject to this life estate, the will, by its terms, devised and bequeathed all decedent's property to defendants Nathan R. Graham and Marcella Mathis, in equal shares. These two last mentioned beneficiaries were decedent's children, and his only heirs at law. Nathan R. Graham was appointed executor. His final report was approved and the estate closed on July 19, 1928. On May 21, 1936, defendant Marcella Mathis executed and filed an instrument, the purport of which was that she absolutely and uneqivocally renounced, disclaimed, rejected, and refused to receive or accept, any rights, interests, or benefits whatsoever by, through, or under said will. On June 1, 1936, she executed to defendant Nathan R. Graham two deeds, which together described all the real estate of which the testator died seized. Her husband, defendant George Mathis, joined as a grantor. In each of these instruments, immediately following the description of the real estate conveyed, appears this: "It being the intention of the grantors herein to convey all interest they have in the above described property, if any, as the said Marcella Mathis has heretofore renounced and disclaimed any and all interest in the said property." On December 21, 1936, Marcella Mathis filed in the United States district court her voluntary petition in bankruptcy. She was adjudged a bankrupt on the same day. Of her estate in bankruptcy appellant became the trustee.

In that capacity he filed the petition in this suit on May 13, 1937. Therein he prayed that the renunciation, of which we have spoken, be set aside; that the deeds made to Nathan R. Graham be held for naught because executed without adequate consideration and with intent to hinder and defraud the credi-tors of Marcella Mathis; that title to the undivided one-half interest of Marcella Mathis in all real estate of which the test-ator died seized be established in plaintiff-trustee, subject only to the life estate of Melvina Graham. On September 30, 1937, the district court sustained the motion of defendant Melvina Graham in which she moved that the plaintiff's action in equity be dismissed as to her. Whether the decree subsequently en-tered was binding on her is not discussed in the record before us. On October 5, 1937, the three remaining defendants, Marcella and George Mathis, and Nathan R. Graham, filed separate an-swers. The cause was tried on the merits on October 14, 1937. A decree was entered December 22, 1937. Therein the court held that the renunciation was valid; that the share and interest devised to Marcella Mathis having become intestate property, descends, subject to the life estate of Melvina Graham therein, to the surviving spouse Melvina Graham and to defendants Nathan R. Graham and Marcella Mathis, each taking one third. The court also held that the deeds to Nathan R. Graham were without adequate consideration and in fraud of creditors, and decreed that they be canceled and set aside on condition that plaintiff pay to Nathan R. Graham $2,125 with 5% interest from June 1, 1936, within one year from the time the decree be-comes final. It also was decreed that plaintiff-trustee is the owner of an undivided one sixth of all the real estate of which James R. Graham died seized, subject only to said life estate therein, and to the payment of the $2,125 and interest; that plaintiff pay one half, and defendants Marcella Mathis and Na-than R. Graham one half, of the court costs. Plaintiff has ap-pealed from the decree. There was also a cross appeal perfected. The identity of the defendants so appealing is not entirely clear. Seemingly the cross-appellants are the three defendants who filed answers.

Plaintiff-apppellant's first proposition is that the court should have held that the renunciation was invalid, because Marcella Mathis had placed herself in a position where she was estopped from making same. In support of this proposition it

cannot be claimed that Marcella Mathis had received as a devisee any money or personal property of or from the estate. She had received nothing from either the corpus or the income. Nor had she conveyed, mortgaged or assigned any interest in the estate prior to the renunciation. Nor does it appear that she retained, secretly or otherwise, any benefits as a beneficiary. Elements of that nature being out of the case, we turn to what was pleaded in the petition as plaintiff's reason for claiming that the renunciation was invalid. This reason, as alleged, was the fact that Marcella Mathis had signed what appellant terms "A receipt voucher and waiver of notice of hearing on the final report in the estate of her father, James R. Graham, Probate No. 3439." This writing was in the following words:

"In the District Court of Cass County, Iowa.

"In the Matter of the Estate    No. 3439.  Probate.

of    Final Report

James R. Graham, Deceased.    Receipt and Waiver of Notice

"The undersigned Marcella Mathis being one of the surviving heirs at law of the said James R. Graham deceased, hereby acknowledges receipt in full from Nathan R. Graham, Executor of said estate, of all money and property due me as such heir of said decedent, as set forth in his final report herein; and I hereby waive notice of the pendency of this proceeding, and consent that the said report be approved by the Court and that said Executor be discharged from all further duties and liabilities in the matter of said estate, and that the sureties on his bond herein be released and exonerated.

"Signed this 29th day of June, 1928.

"MARCELLA MATHIS."

Appellant says that by signing this paper Marcella Mathis permitted a final report to be approved, which set up and adjudicated that she was the owner of the half interest in the estate.

Had the final report shown payment to Marcella Mathis of some portion of the personal effects of decedent that were in the hands of the executor to be distributed under the terms of the will, as in case the life tenant had released some of the money for distribution, there might be reason for saying that the final report, and its approval, exhibited proof that Marcella Mathis

had estopped herself from later renouncing all benefits under the will. Bogenrief v. Law, 222 Iowa 1303, 271 N. W. 229. But such facts do not appear. On the contrary the final report shows, and by approving this report the court adjudicated, that the surviving spouse was entitled to all the personal estate remaining after payment of debts, for application on what had been set off for her support, and to her alone it was distributed.

But, though the report, and the adjudication thereon, show that nothing was received by Marcella Mathis, appellant points out that in the waiver she acknowledged receipt in full "of all money and property due me as such heir of said decedent, as set forth in said final report herein." These words are in fact an acknowledgment of receiving nothing, when the reference made to what is set forth in said final report is given consideration. Yet it is urged that in this waiver are inferences that Marcella Mathis was not without interests in the property of the estate, and that she might have been entitled to a portion of the final distribution made by the executor. It is argued that such inferences amount to an assent to take under the will.

If it be conceded, arguendo, that such affirmative matters may be inferred from a mere waiver, something characteristically negative in terms and purpose, we then encounter the rule that proof of a material fact is not accomplished by inference from one isolated incident or circumstance, but from the aggregation of all the related circumstances that appear. Welsch v. Frusch Light & Power Co., 197 Iowa 1012, 193 N. W. 427. In this record are the following related facts and circumstances: Marcella Mathis did have interests in the estate. Their existence was not dependent upon assenting to the will. The waiver makes no reference to the devise or the will. So far as the waiver designates the nature of her interests, the only thing that is specific is the mentioning of her status as an heir of said decedent. While the word "heir" is sometimes loosely used, causing doubt as to the intended meaning, yet we are not warranted, on the record before us, in finding as a matter of fact that in this waiver the word was not used advisedly. Further, it is conceded that when the executor filed his final report the time had not yet come when to Marcella Mathis could be turned over the possession or enjoyment of any part of the property by virtue of the terms of the will. An inference that in the waiver Marcella Mathis represented that, by virtue of the will, she was

then entitled to a portion of the personal effects being distributed by the executor, does not have that appeal of reasonableness, that warrants the adoption of an inference. It would be an inference that there was a representation of something on its face incredible, something that concededly could not be. In view of all these matters that were in the record it appears that sound reasons are lacking for saying that there are inferences in this waiver that amount to an assent to take the devise. Nor do we find facts establishing the elements of estoppel as that term is ordinarily used. Up to this point we find nothing that estopped Marcella Mathis from renouncing.

In arguing that the final report set up and adjudicated that Marcella Mathis was owner of a half interest in the estate, appellant also points to the portion of the report which sets out certain information required by section 12071, Code 1935. Agreeably with this statute the report stated that deceased died testate, named the surviving spouse and heirs, stated their ages and places of residences, and by the words ''Same as number four'' indicated that the legatees or devisees were the same persons as those named as surviving spouse and heirs. The order approving the final report was made upon the application contained in the report that it be approved and the executor discharged. Jurisdiction of the court was not invoked for the purpose of determining the ultimate extent or nature of interests in the property. Nor would such determining be, in this case, incidental to an adjudication that the final report should be approved. Our statutes do not contemplate that a decree, establishing fully the rights and interests of all persons, be entered as a part of the closing of an estate. as is the case in some jurisdictions. The order approving the final report, though the report indicated the names of the devisees and legatees, did not determine more than that the executor had properly accounted and was entitled to be discharged. Crosley v. Calhoon, 45 Iowa 557, Ferry v. Campbell, 110 Iowa 290, 81 N.W. 604,50 L.R.A. 92. We conclude it was not adjudicated that Marcella Mathis held an interest as a devisee.

''That a beneficiary under a will has the right to file an unconditional and final renunciation of all benefits granted him under the will and that his creditors cannot complain of such renunciation is well established by our decisions.'' Lehr v.

Switzer, 213 Iowa 658, 661, 239 N. W. 564, 566. In Funk v. Grulke, 204 Iowa 314, 213 N. W. 608, it is said the right is quite absolute. But application of this rule is limited to cases where no acceptance of the provisions of the will has been made by the beneficiary. Bogenrief v. Law, 222 Iowa 1303, 271 N. W. 229. In the case at bar the length of time, that intervened between the probating of the will and renunciation, is mentioned in appellant's argument as something that amounted to an acceptance by Marcella Mathis of the devise.

▌ Authorities have not been called to our attention sustaining the proposition that the length of time that elapsed, under the circumstances shown in this record, without more, is the equivalent of an assent to the devise, nor holding that in mere delay are to be found the well known elements inherent in the general doctrine of estoppel, when the delay is that of a beneficiary of a devise, as to the acceptance or rejection of which the creditors of the devisee have no voice or right of control. There was no attempt to show that any of the creditors were led to depend or rely upon any apparent interest of Marcella Mathis in her father's estate, nor to show that they were misled to their injury. In Lehr v. Switzer, 213 Iowa 658, 239 N. W. 564, the testator died in December 1926, and a renunciation by a beneficiary was filed in April 1930. Meanwhile a creditor had attached and had had sold upon execution the apparent interest of the beneficiary, and had acquired a sheriff's deed. This court was of the opinion that nothing in the record had estopped the beneficiary. In so holding it was recognized that a long time elapsed before the renunciation, but it did not appear that the attaching creditor or anyone else suffered by the delay. There was no affirmative act or thing to lead the creditor to believe that the beneficiary intended to take under the will. He was a nonresident of the state and there was nothing in the record to show that he knew of the levy or sale or sheriff's deed. In case at bar there was no affirmative act that entitled others to believe that the beneficiary intended to take under the will, nor do we think the creditors have shown the acquirement of any legal or equitable interests in this benefaction that entitled them to complain that this beneficiary did not exercise what were peculiarly her own rights, more expeditiously.

▌ For not to be ignored is the rule that a creditor of a

beneficiary under a will has no such interest, legal or equitable, as to enable him to control the right to refuse to accept or renounce the gift. A renunciation may not be looked upon as the equivalent of a conveyance of property by a debtor. Schoonover v. Osborne, 193 Iowa 474, 187 N. W. 20, 27 A. L. R. 465. Consistently with previous holdings, in view of all that appears in the record, we are constrained to hold the trial court correctly held the renunciation was valid.

■ Appellant's second proposition, that Marcella Mathis. as an heir of James R. Graham, took an undivided one half rather than an undivided one third of the one-half portion of the estate that became intestate property as a result of the renunciation, subject of course to the life estate, we look upon as being sound. The surviving spouse was named as a devisee in this will. She filed in writing her election to take as a devisee under the provisions of the will. Section 11847, Code 1935, provides that where the survivor is named as a beneficiary in a will it shall be presumed that such devise is in lieu of distributive share, homestead and exemption, unless the intention is clear and explicit to the contrary. In the will appears no such intention to the contrary. Consequently the presumption obtained. Before the widow elected, her rights to a distributive share extended to all of decedent's property. When she divorced herself from a distributive share, what she lost was what she had—a third interest in all the property. There is no room for saying she still has a distributive share in a portion of the estate. If a portion became intestate property, it was nevertheless a portion of the estate, as to the whole of which she had parted with her distributive share. McAllister v. McAllister, 183 Iowa 245, 167 N. W. 78. Resultantly the share of the intestate property inherited by Marcella Mathis was not reduced to a third by reason of Melvina Graham, the surviving spouse, having a distributive share therein. Marcella Mathis took an undivided one half of the intestate property. amounting to an undivided one fourth of all the property of the estate, subject to the life estate therein.

■ Appellant contends the court erred in imposing a condition upon the setting aside of the deeds, that is, in providing that Nathan R. Graham be paid the sum of $2,125 with interest. While we agree with the trial court that the grantor Marcella Mathis was actuated by a fraudulent intent in conveying the real

estate, yet a careful examination of the record leads to the conclusion that plaintiff has not established that the grantee Nathan R. Graham was inspired by any intent to defraud, or participated in perpetrating any fraud that may have been intended by the grantor. The most that can be claimed by appellant is that the value of the property conveyed was so considerably in excess of the amount of the indebtedness owing to the grantee in consideration of which the deeds were made, that as to the grantee the deeds were only constructively fraudulent. We think there was constructive fraud for the reason mentioned, although the question is quite controversial. In that state of the record the securing to the grantee of the $2,125 is sustained by our holdings in Williams Savings Bank v. Murphy, 219 Iowa 839, 259 N. W. 467, and McFarland v. Johnston, 219 Iowa 1108, 260 N. W. 32.

Appellant complains of the apportioning of the court costs in the manner we have mentioned. But appellant was successful as to only a part of his demand and failed as to a part. In an equitable action the court has a large discretion in the matter of taxing costs, which will not be interfered with except in case of manifest injustice, and that does not appear in this record. Johnson v. Ruth, 144 Iowa 693, 123 N. W. 326; Hart v. Delphey, 194 Iowa 692, 190 N. W. 14; section 11624, Code 1935.

The first two propositions of appellees' cross appeal challenge the finding that the deeds were fraudulent. Our conclusions in respect thereto have been stated in connection with the appeal of plaintiff. The remaining questions raised by appellees have to do with the sufficiency of the allegations of plaintiff's petition, and the admissibility of certain exhibits. We find no reversible error in respect to any of these complaints. On the appeal of plaintiff-appellant the case is reversed and remanded to the district court solely for correction of the decree as to the extent of the interest inherited by Marcella Mathis and acquired by plaintiff as trustee of her estate in bankruptcy. On defendants' appeal the decree is affirmed.—Affirmed on defendant-appellees' appeal; reversed on plaintiff-appellant's appeal and remanded with instructions.

SAGER, C. J., and DONEGAN, ANDERSON, STIGER, and MILLER, JJ., concur.