MARY BROWN et al., Appellants, v. KATHERINE KALENE et al., Appellees.

No. 45475.

MARCH 18, 1941.

W. F. Murphy, for appellants.

E. A. Baldwin, for appellees.

HALE, C. J.—Bridget Kalene died testate on April 5, 1938, and her will, admitted to probate April 25, 1938, contained the following provisions:

"(1) I direct that my executors herein after named shall first pay all of my lawful debts including all of the expenses of my last sickness and funeral and also pay to the pastor of St. Patrick's Church of Iowa City, Iowa, the sum of $100 for masses for the repose of my soul and for my funeral services.

"(2) I will, bequeath and devise all of the remainder of my property to my four daughters, Mary Brown, Margaret Pelzer, Ellen Kalene, and Catherine Kalene, share and share alike with the understanding however, that in the distribution of my said property my daughters Catharine Kalene and Ellen Kalene are to have the property at the time where I am now residing and all of the furniture and household effects therein which is known and described as the South Half of Lot Two of Block Eleven of that part of Iowa City, Iowa, known as the County Seat of Johnson County Iowa, at the sum of $4500.00.''

The third and last paragraph provided for the appointment of executrices, two daughters.

On April 16, 1940, Katherine Kalene filed a renunciation of the second provision, and petition for construction, stating, after setting out item No. 2:

"That this applicant does not desire to accept the provision of said will as above set out and renounces the same insofar as it requires her to take this property at said sum and desires to share equally with the other heirs in the distribution of the estate of decedent. Wherefore this applicant asks an order of this Court construing the said will in the light of the above provision and the wish and intention of this applicant.''

To this resistance was filed by Mary Brown, co-executrix, which objections were overruled and on April 25, 1940, the court found that the renunciation was binding and effective and the provision inoperative as to Katherine Kalene. On June 11, 1940, Ellen Kalene also filed her renunciation of item No. 2, and on the same day the court made a similar order as to her.

On July 11, 1940, the two sisters, Mary Brown and Margaret Pelzer, filed a petition in the estate, setting out the terms of the will, that they had accepted it, the renunciations of Ellen and Katherine, alleging the two shares described in the will had become intestate property of which petitioners were each en-

titled to one fourth, and asking distribution accordingly. On September 14, 1940, the court entered its ruling and order. After setting out appearances the order recites:

"Now, on this 14 day of September, 1940, the court having examined the pleadings, the last will and testament of Bridget Kalene, the renunciation of certain bequests therein by Katharine Kalene and Ellen Kalene and being now fully advised in the premises finds that the four daughters of deceased, to-wit: Mary Brown, Margaret Pelzer, Katharine Kalene and Ellen Kalene, who are the beneficiaries under said will and the only heirs at law of decedent, are each entitled to and should receive one-fourth of the entire real and personal assets in this estate after the payment of costs of administration, claims and specific bequest to the Pastor of St. Patrick's Church of Iowa City, Iowa. It is ordered and adjudged accordingly and the interest of each of the aforesaid parties in this estate are so fixed and confirmed." From this order Mary Brown and Margaret Pelzer appeal.

We have not been favored with a brief and argument on behalf of the appellees, so that the record does not disclose the theory upon which they base their claim to the undivided one fourth each of the entire estate of the decedent. The bequest to the church has been paid. After payment of claims and expenses, appellants assert that they (the appellants) will each be the owner of one fourth of the remaining net assets, but that appellees, under the terms of the will, would take their half subject to a condition—the payment of $4,500. This appellees have elected not to do, and by so doing, by their renunciation, fail to take under the will. The property bequeathed and devised to such appellees would thus become intestate property, and descend to the four heirs of Bridget Kalene, share and share alike. The one half of the total net assets would be distributed among the four, or one eighth of the entire estate to each. The appellants, therefore, in addition to the one-fourth interest granted each by the will, would each acquire one eighth of the whole net estate—a total of three eighths; while the appellees, having renounced, would each be entitled only to one eighth of the net

estate. The foregoing is the claim of appellants, which we think is supported by authority.

The appellees could not have the benefit of the property devised to them except under the conditions imposed by the will. They could not accept a part of the bequest or devise most favorable to them and refuse to accept the unfavorable condition. Appellants cite Brown v. Knapp, 79 N. Y. 136; and Oliver v. Wells, 254 N. Y. 451, 173 N. E. 676, and see cases cited therein. See, also, Grindem v. Grindem, 89 Iowa 295, 297, 56 N. W. 505, 506; Moran v. Moran, 144 Iowa 451, 464, 123 N. W. 202, 206, 30 L. R. A., N. S., 898; Elberts v. Elberts, 159 Iowa 332, 337, 141 N. W. 57, 59. When the appellees renounced their legacy and devise, nothing further passed to them under the will and the legacy and devise became intestate property. In re Estate of Stone, 132 Iowa 136, 140, 109 N. W. 455, 457, 10 Ann. Cas. 180; Schoonover v. Osborne, 193 Iowa 474, 479, 187 N. W. 20, 22, 27 A. L. R. 465; Lehr v. Switzer, 213 Iowa 658, 663, 239 N. W. 564, 566; McGarry v. Mathis, 226 Iowa 37, 45, 282 N. W. 786, 790.

The result, if the ruling of the court should be allowed to stand, would be that appellees would each take one fourth of the property granted her, but freed from the condition imposed by the testatrix. In other words, the effect would be an entirely new devise and bequest, a new will, the terms of which are different from those intended by such testatrix. No rule of construction or interpretation would authorize such result. We are satisfied that the net estate should be divided as claimed by appellants—three eighths to each appellant and one eighth to each appellee. The ruling and order of the district court is therefore reversed and the cause is remanded for further proceedings in conformity with this ruling.—Reversed and remanded.

SAGER, STIGER, BLISS, OLIVER, MILLER, GARFIELD, and WENNERSTRUM, JJ., concur.