ALBERT VOIT, and ALBERT VOIT as Guardian of the Estate of MARION VOIT, a Minor, Appellee, v. J. SCHULTZ, Appellant.

No. 45992.

JUNE 16, 1942.

T. Eugene Thornton, of Waterloo, for appellant.

L. E. Liffring, of St. Ansgar, for appellee.

SAGER, J.—Albert Voit will be treated as sole appellee, the interest of the minor not being involved here.

The will of Edith Voit was filed in Delaware county on

January 18, 1940, and was duly admitted to probate. By its terms there was devised to George R. Williams a certain lot in Earlville in that county. On the 6th day of March 1940, appellant started suit against the said Williams on a promissory note and caused an attachment to be levied on the real estate given to him by the will. Williams answered and filed a counterclaim for damages alleged to have been sustained because said attachment was issued on statements known to be false, and stated that it was "a plan to embarrass this defendant in connection with the assertion of his rights as a devisee and executor named in the will of one Edith Voit, deceased." The counterclaim further alleged that because of such attachment, Williams sustained damage "by reason of the wrongful suing out and levying of said attachment" upon his property. This suit resulted in a judgment against Williams and a confirmation of the attachment. The date of this judgment does not appear but there is no dispute about the fact that it was earlier than the disclaimer upon which appellee now bases his claim that appellant may not assert his judgment against the land devised to Williams.

If Williams made a complete, unqualified, and timely renunciation, for the purpose of this case, appellee is the sole heir of the testatrix, Edith Voit. It follows then, as he argues, that Williams having renounced his devise, the property belonged to him and was not subject to appellant's judgment. The disclaimer is dated January 22, 1941, and states that Williams "declines to accept the benefits and provisions for him as set forth in the will of Edith Voit, Deceased," and:

"In making this declination, the undersigned hereby expressly refers to any and all real estate devise in the will to him, and to the rents and income therefrom, since the death of Edith Voit, as well as from this time forth."

Our previous pronouncements on the right of a devisee or legatee to renounce what is given by a will are so definite as to call for no restatement here. That such right does exist is not open to dispute. We have said there is a presumption

that a devise or legacy is accepted unless coupled with conditions. We have said, too, that the lapse of time before making renouncement is not controlling, and that a creditor may not compel acceptance so that he may collect his debt. Schoonover v. Osborne, 193 Iowa 474, 187 N. W. 20, 27 A. L. R. 465; Bogenrief v. Law, 222 Iowa 1303, 271 N. W. 229; McGarry v. Mathis, 226 Iowa 37, 282 N. W. 786. See, also, Annotation to Schoonover v. Osborne, supra, at page 472 of 27 A. L. R.; Annotation to Bacon v. Barber, 123 A. L. R. 253–261; Annotation to Re Kalt, 133 A. L. R. 1424–1428.

 We have, then, before us the question whether, as a fact, Williams had accepted the devise, thereby making the real estate in Earlville subject to appellant's judgment. The trial court, Honorable R. W. Hasner presiding, held that he had not, and entered its decree in appellee's favor. We disagree with that result. We have already pointed out that Williams filed a counterclaim for $1,000 damages caused him by the wrongful attachment of this real estate. He could not have been damaged if he had no interest. Not only that, the ink was scarcely dry on the decree in his favor when appellee and said Williams gave a mortgage to this very real estate. This is admitted by appellee's attorney in the following language:

"That the Plaintiff's attorney admits that he, after trial took a real estate mortgage from G. R. Williams and Albert Voit to secure his fees for the same in that neither party at any time were able to pay him for services, and for the further reason that G. R. Williams employed him in that he desired to disclaim under the terms of the will, and that Albert Voit, also employed by him and wished to accept all the benefits therein derived. That said L. E. Liffring, Attorney at Law, wished to secure himself therefore after said trial and did accept a real estate mortgage to the property in question."

To the writer of this opinion such a move appears as an affront to the court which had just decided that Williams had no interest in the real estate conveyed by the mortgage; or if it be not that, it is a confession of doubt on a matter on which

there was no room for uncertainty in the mind of Williams. Had he or had he not made, as he now claims, a complete renunciation of his interest in this property? Why did appellee join with him as mortgagor, a person who had no interest because of a renunciation, definite, complete and untainted by mental reservation? The discovery of this mortgage was made the basis, among other grounds, of a motion for a new trial. This motion was overruled by the Honorable A. B. Lovejoy. Under the views we have expressed, it might well have been sustained, but since we hold that Williams had accepted the devise, we do not rule on that question.

Finding, as we do, that the trial court was in error in its decision in favor of appellee, its decree is reversed and the cause is remanded for a decree in conformity herewith.—Reversed and remanded.

Bliss, C. J., and Stiger, Garfield, Wennerstrum, Miller, Hale, and Oliver, JJ., concur.