Beahl T. and Irene H. **PERRINE,** Executors of the Estate of Howard Hall, Deceased, Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

No. C 75–56.

United States District Court, N. D. Iowa, Cedar Rapids Division.

Dec. 1, 1976.

Robert C. Tilden, Darrel A. Morf, Cedar Rapids, Iowa, for plaintiffs.

Evan L. Hultman, U. S. Atty., Daniel T. Cutler, Asst. U. S. Atty., Sioux City, Iowa, Thomas R. Jones, Atty., F. Gerald Burnett, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

McMANUS, Chief Judge.

This matter is before the court on plaintiffs' motion for summary judgment filed August 11, 1976 and defendant's cross motion for summary judgment filed October 19, 1976.

The facts are not in dispute and may be briefly summarized as follows: Howard Hall, a resident of Cedar Rapids, Iowa, died testate May 16, 1971 leaving a substantial estate. On May 24, 1971 his surviving spouse, Margaret Douglas Hall (Margaret), was appointed co-executor with plaintiffs. On the same day she filed with the state probate court an election in writing to take under the will which bequeathed to her the "Palisades Farm and Cottage", certain real estate in Palm Island, Florida, various motor vehicles, boats, jewelry, other personal effects, an amount equal to the maximum marital deduction, and annual payments amounting to five percent of certain assets placed in a residuary trust, the remainder of which upon her death would go to the Hall Foundation, Inc., a charitable corporation. On January 27, 1972 Margaret filed her resignation as co-executor with the court. Thereafter and prior to receiving any of its benefits, on January 31, 1972 she filed a written disclaimer of interest in the residuary trust. The probate court accepted her disclaimer.

Plaintiffs' federal estate tax return filed February 16, 1972 listed decedent's gross estate at $21,698,145.21 with a tax liability of $370,694.36. However, the defendant (IRS) disallowed[1] the charitable deduction

---

1. The basis for the disallowance is set forth in plaintiffs' exhibit A which is an October 21, 1974 letter to plaintiffs from the IRS stating in part:

"The charitable deduction is decreased due to the disallowance of the spouse's disclaimer of her life income rights provided by Article VII, paragraph 7.01 of decedent's will. The disclaimer was disallowed for the following reasons:

representing Margaret's disclaimed life interest in the residuary trust and assessed against plaintiffs an estate tax deficiency of $2,584,944.69 which they paid and then brought this action for recovery. 28 U.S.C. § 1346(a)(1). The issue is the validity of Margaret's disclaimer.

█ Pursuant to 26 U.S.C. § 2055(a), the gross estate may be reduced by bequests to charity, including additions to such bequests "as the result of an irrevocable disclaimer" made within nine months of the decedent's death. In order for the disclaimer to be effective for federal estate tax purposes it must be effective under state law. *Hardenbergh v. Commissioner,* 198 F.2d 63 (8th Cir. 1952); *Brodhag v. United States,* 319 F.Supp. 747 (S.D.W.V. 1970). Plaintiffs' burden is to show that IRS has erroneously interpreted Iowa law and therefore wrongfully collected the additional $2,584,944.69 in estate taxes. 28 U.S.C. § 1346(a)(1). These legal questions are dealt with as presented in defendant's cross motion for summary judgment.

█ First, IRS argues by analogy that because Iowa enacted a six month disclaimer limitation law in mid-1972, § 633.704 Code of Iowa [1972],[2] and because Iowa has a six month election limitation, § 633.237, the wife's early 1972 disclaimer filed 8 months after decedent's death, should be considered untimely. The court rejects the analogy.

The law in Iowa, prior to the enactment of § 633.704, was that "A testamentary trust, bequest or devise may, prior to any act of acceptance, be renounced by the beneficiary, so long as there is no estoppel, or fraud or collusion for the benefit of the renouncer", *Coomes v. Finegan,* 233 Iowa, 448, 7 N.W.2d 729, 730 (1943) and "the lapse of time before making renouncement is not controlling", *Voit v. Schultz,* 232 Iowa 55, 4 N.W.2d 410, 411 (1942). The Iowa court has accepted disclaimers filed at various time intervals after decedent's death and given the facts of this case would probably hold 8 months timely. *Schoonover v. Osborne,* 193 Iowa 474, 187 N.W. 20 (1922) (over 6 months); *Funk v. Grulke,* 204 Iowa 314, 213 N.W. 608 (1927) (1 year); *Lehr v. Switzer,* 213 Iowa 658, 239 N.W. 564 (1931) (3 years); *McGarry v. Mathis,* 226 Iowa 37, 282 N.W. 786 (1938) (9 years); *In Re Loranz' Estate,* 256 Iowa 818, 128 N.W.2d 224 (1964) (9 months).

█ Next, IRS claims that the written election by the surviving spouse to take under the will pursuant to the waiver of notice provision of § 633.237 is an act of acceptance precluding disclaimer and establishing a conclusive presumption that the spouse consents to all provisions of the will. IRS cites no Iowa case supporting this proposition.

Plaintiffs contend that acceptance in Iowa depends upon receipt of benefits, *McGarry,* supra, 282 N.W.2d 788, and that the election by the surviving spouse is merely a choice between methods of computation. Moreover, an election to take under the will must be made before there is anything to disclaim. Plaintiffs also point out that viewing a surviving spouse's written election as an acceptance barring subsequent disclaimer is contrary to the wording of § 633.704.1 Code of Iowa [1972][3] which provides that "any person may disclaim in whole or in part" and specifically lists those

---

1. The surviving spouse had filed a valid and timely election to take under the decedent's will. A surviving spouse cannot disclaim out an accepted interest.
2. The surviving spouse failed to file her disclaimer within six months from the second publication of the admission of the will to probate, and is conclusively presumed to have accepted the provisions of the will and is barred from disclaiming thereafter. See Code Section 633.237 of the Code of Iowa.
3. Iowa law does not permit a partial disclaimer by a surviving spouse."

2. Iowa's 1972 disclaimer law, based on the ABA Model Disclaimer Act, was an attempt to substitute clear and precise statutory procedural requirements in place of the ambiguous common law standards here involved. *See* Comment, *Estate Planning with Iowa's Statutory Disclaimer,* 58 Iowa L.Rev. 372 (1972). *See also Contemporary Studies Project: Large Farm Estate Planning and Probate in Iowa,* 59 Iowa L.Rev. 794, 877.

3. Not in effect at the time of Margaret's disclaimer.

events barring disclaimer of which election by the surviving spouse is not one.

Election and disclaimer are separate and distinct concepts. The Sixth Circuit Court of Appeals has decided this issue under Ohio law and found that formal election by the surviving spouse did not bar the right to partial disclaimer. *Brown v. Routzahn*, 63 F.2d 914, 916 (6th Cir. 1933) cert. denied, 290 U.S. 641, 54 S.Ct. 60, 78 L.Ed. 557. It is this court's opinion that the holding in *Brown* is applicable in Iowa, and would be accepted by the Iowa court. See *Coomes*, supra, 7 N.W.2d at 731; see also Magnusson, *Postdeath Estate Planning*, 40 Iowa L.Rev. 572, 577 (1955). See also 6 *Page on Wills* § 49.9 (Bowe-Parker 3rd Ed. 1962).

Finally, IRS contends that, prior to 1972, Iowa did not allow partial disclaimer. It cites no case in point but relies on *Brown v. Kalene*, 230 Iowa 76, 296 N.W. 809, 810 (Iowa 1941) wherein the court states:

> "They could not accept a part of the bequest or devise most favorable to them and refuse to accept the unfavorable condition."

■■■ Prior to the Iowa disclaimer statute, the above quoted language from *Kalene* left unclear whether Iowa permitted partial disclaimer.[4] The holding in *Kalene*, however, is consistent with the general rule prohibiting a disclaimer of the burdensome portion of a single bequest, but allowing a disclaimer where two or more separate and independent gifts are made. *Brown*, supra at 916; 80 Am.Jur.2d § 1599; see annot. 91 ALR 608. The two Kalene sisters were not permitted to take under paragraph 2 of their father's will unless they met all the conditions imposed by paragraph 2. However, in *In re Murphy's Estate*, 217 Iowa 1291, 252 N.W. 523, 525 (1934) the court found an agreement between beneficiaries "tantamount to a renunciation in part" and recognized their right to share the provisions of the will on a modified basis. The holding in *Murphy* strongly suggests Iowa had no rule against partial disclaimers before the specific authorization in 1972.

The conclusion urged by IRS would be unfair to surviving spouses and is unsupported in Iowa law. Prior to 1972, Iowa did not have a six month time limit on disclaimers nor does it appear that partial disclaimers were unrecognized. Further, it seems unlikely that the Iowa court would view a written election waiving notice as an acceptance barring disclaimer. Plaintiffs have shown the IRS deficiency assessment to be erroneous and since there is no genuine issue as to any material fact pursuant to FRCP 56(c) plaintiffs are entitled to judgment as a matter of law.

It is therefore

ORDERED

1. Plaintiffs' motion granted.

2. Defendant's motion denied.

4. See 58 Iowa L.Rev. supra at 373.