MARY GOODSMAN, Appellant, v. METTA JANNSEN, Administratrix c.t.a., Appellee.

No. 46471.

JUNE 6, 1944.

Lee R. Harding, of Clinton, for appellant.

Alfred E. Brandenburg, of Clinton, for appellee.

MANTZ, J.—Mary Goodsman is a stepdaughter of Ingwer P. Christiansen, who died testate July 22, 1934. His will, dated November 16, 1928, was admitted to probate December 2, 1939. Metta Jannsen, sometimes known as Metta Johnson and so designated in the will, was appointed administratrix c.t.a.

Paragraph 1 of said will provided for the payment of funeral expenses and costs of administration.

Paragraph 2 is as follows:

"I give to my wife's daughter, Mary Goodsman, the sum of three hundred dollars ($300.00)."

Paragraph 7 is as follows:

"I give, devise and bequeath to my three children, Ingwer Christiansen, Joe Christiansen and Metta Johnson, the following described real property situated in Clinton County, Iowa, to-wit: Lot nineteen (19) in block thirty-six (36) in the Town now City of Clinton, Iowa, share and share alike. In the ultimate division of this property between the three devisees, I would suggest that the west thirty (30) feet of said property be deeded so as to accompany the house situated thereon, and that the east thirty-six (36) feet be conveyed with the house situated thereon, with the rights reserved to each of said pieces of property, to the use of the driveway situated between these two tracts to be in common. The rights should be reserved to the owners of both of these parcels of real property, to repair the sewers and the gas and water mains now located upon said properties. These suggestions are not intended to be a limitation upon the rights of the said three devisees to convey said property absolutely, and without condition if they so desire. The said real property is devised to my said three children absolutely, and in fee simple, and without restrictions upon their right to transfer the same."

Outside of some shares of stock which were specifically devised, and which had little or no value, the only personal property in the estate was $42 in cash. When the final report of the administratrix was made the bequest of $300 to Mary Goodsman had not been paid. The administratrix excused her failure to pay such bequest on the grounds that there was no property in the estate to pay the same or which would be liable therefor. The administratrix in her final report further stated that the property devised in paragraph 7 was not liable for such legacy; also that such property was the only real estate belonging to decedent at his death.

Mary Goodsman objected to the final report and claimed that the property devised in paragraph 7 should be held liable to pay the $300 bequest, alleging that the devisees of such real estate had renounced such devise, and that thereupon it became intestate property and liable to pay the bequest of Mary Goodsman.

The court denied such claim on the part of Mary Goodsman, holding that Metta Jannsen (Johnson), Ingwer Christiansen, and Joe Christiansen were the owners in fee of the property described in paragraph 7 of the will, and that the legacy of Mary Goodsman in the sum of $300 was not a legal charge thereon. The objections of Mary Goodsman to the final report of the administratrix were overruled. Mary Goodsman appeals.

I. The decisive question to be determined is whether Ingwer Christiansen, Joe Christiansen, and Metta Jannsen (Johnson), devisees under paragraph 7 of the will, had renounced the bequest to them therein made. Other matters have been argued but we think a determination of the above question will be controlling.

Mary Goodsman does not claim that there was an express renunciation by the three devisees, but argues that certain pleadings or filings in the estate amount to such renunciation. Before discussing the evidence upon which she relies to establish renunciation, it will be helpful to call attention to some of the legal principles having application. It is well settled in this state that a devisee or legatee may renounce any gift made to him. His motives in so doing are immaterial. His creditors cannot complain in the absence of collusion or fraud. In the event of a renunciation, the property devised would become a part of the

residuary estate and be dealt with as intestate property. A renunciation, when made, relates back to the time when, under the law, the will became effective. Schoonover v. Osborne, 193 Iowa 474, 479, 187 N. W. 20, 22, 27 A. L. R. 465; Lehr v. Switzer, 213 Iowa 658, 239 N. W. 564; McGarry v. Mathis, 226 Iowa 37, 282 N. W. 786; Brown v. Kalene, 230 Iowa 76, 296 N. W. 809. In the Schoonover case, supra, the court said:

"Creditors have no right, nor courts jurisdiction, to compel acceptance, or to prevent the beneficiary from renouncing or rejecting a gift."

It is also well settled that a beneficiary is presumed to accept a gift where the terms of the will are beneficial to him; but this presumption is overcome by a complete renunciation. Lehr v. Switzer, supra; Schoonover v. Osborne, supra; Mohn v. Mohn, 148 Iowa 288, 126 N. W. 1127; In re Estate of Stone, 132 Iowa 136, 109 N. W. 455, 10 Ann. Cas. 1033.

With these principles in mind, we will examine the record to determine whether the objector has established her claim that there was a renunciation of the devise of the real estate described in paragraph 7 of the will by the devisees thereof.

Paragraph 7 described the real estate owned by the testator at his death. During his lifetime the testator had placed a mortgage of $1,000 thereon and when he died it was unpaid. In addition, there was due thereon at that time $400 in delinquent taxes. When the will was probated a foreclosure of this mortgage was threatened. Two claims aggregating more than $4,000 were filed against the estate. On December 18, 1939, Joe Christiansen filed a verified claim for $3,468 for care and keep of the testator, and on the next day Metta Jannsen filed therein a verified claim for $688.50. No objections were made to these claims by any devisee under the will.

On December 2, 1939, Metta Jannsen, administratrix c.t.a. filed an application to mortgage said real estate for $1,400 to take up the old mortgage and pay the delinquent taxes. The objector waived notice of the time and place of the hearing on said application and consented to the execution of the same. This application was approved December 4, 1939; the administratrix

was ordered to execute the same and later this order was carried out.

On February 27, 1943, the administratrix filed an application to sell the real estate belonging to decedent to pay the obligations of the estate. Said application recited that the only personal property coming into the hands of the administratrix at her qualification was $38.50; that on March 5, 1942, there was cash on hand of $73.48, and that the specific bequests of $755 were unpaid and were a charge against the real estate; that the balance of the real-estate mortgage was $480, plus interest, and that there was not sufficient personal property or moneys to pay said obligations. The specific bequests, totaling $755, included the $300 given to appellant. On the same date an order for notice of the hearing on said application was made and appellant accepted service of such notice on March 2, 1943. The evidence shows that the administratrix and the other two devisees named in paragraph 7 of the will had collected the rentals from the property devised in said paragraph and had used the same to reduce the $1,400 mortgage thereon, and that when the application was filed February 27, 1943, that obligation had been reduced by such means to the sum of $480. No order was made directing a sale of the property.

On June 15, 1943, there was filed in said estate a stipulation of settlement and agreement, signed by the three devisees in said paragraph 7 of the will, whereby and wherein the property therein devised was described, and reciting that the same had been sold by said devisees, and providing for a settlement of the claims, costs, expenses, and attorney's fees in said estate, and further providing for a division of the proceeds remaining thereafter. It further provided that in consideration of the foregoing each of the devisees should execute and deliver to the purchaser a warranty deed to said premises. On the same date the court ordered that the application of the administratrix on February 27, 1943, to sell the real estate be dismissed and the record thereof was ordered canceled and expunged from the records of the clerk of the court. The court further ordered that the stipulation of agreement and settlement among said devisees, wherein they recited a sale of the real estate and the disposition of the proceeds, be approved and same was ordered to be made a

part of the proceedings of said estate. Following this order the objections of Mary Goodsman to the final report were overruled, said final report was approved, and the estate was ordered closed.

II. Briefly stated, it is the claim of appellant that the application of the administratrix to sell the real estate to pay claims and specific legacies, in legal effect was a renunciation by the devisees of paragraph 7 of the will to take the property therein devised to them. She further claims that the notice of the time and place of the hearing of said application contained recitals which tended to show such renunciation.

Whether a renunciation was made is a fact question. The lower court held that the facts failed to show renunciation. Since there is substantial evidence to support the finding, we affirm it.

It must be remembered that paragraph 7 devised the real estate to three persons, all children of the deceased. The application upon which appellant relies to show renunciation was signed by but one of such devisees, and the one signing, Metta Jannsen, signed as administratrix c.t.a. Ingwer Christiansen and Joe Christiansen, the two other devisees in paragraph 7 of the will, did not join in that application and the record does not show that they consented to it or even knew of it. It would be idle to argue that the application of the administratrix could establish a renunciation on the part of a devisee. While the court did order or authorize a sale of the real estate, still, no sale was made thereunder, and shortly thereafter the record made was ordered canceled and expunged from the record.

III. There is nothing in the record to indicate that the devisees under paragraph 7 did not intend to accept the legacy. They evidently took possession of the devised property, collected the rentals and used them to pay off liens thereon. The evidence shows that they claimed to be the owners in fee simple under the will of their father. They joined in selling the property and used the proceeds to pay claims filed against the estate, the liens on the property, and the expenses of administration of the estate. The balance of the proceeds of the sale they divided among themselves. They conveyed to the purchaser by warranty deed.

The devisees under paragraph 7 of the will had a legal right to stipulate an agreement among themselves whereby they would pay from their own funds the balance of the mortgage on

the real estate devised to them, and also settle the claims and expenses of administration in a like manner. This was not inconsistent with their claim of ownership of such property. The real estate was substantially all of the property of any value belonging to the estate, and the devisees knew that such property was liable for the liens thereon, the claims filed, and the expenses of administration. That they were willing to pay these and keep the property was not prejudicial to the rights of the appellant. Her legacy was not a claim against the real estate and she could make no legal objection to the manner in which the three devisees handled it. Certainly such acts on the part of the three devisees were just the reverse of renunciation, and could not furnish the basis for any valid claim of waiver or estoppel such as was made by appellant.

We hold that the court did not err in overruling appellant's objection to the final report.—Affirmed.

All JUSTICES concur.