IN RE ESTATE OF CARRIE M. LORANZ, deceased.
ALFRED LORANZ, appellant, v. FAYE CASEY, individually and as executrix of estate of Carrie M. Loranz, deceased, appellee.

No. 51307.

(Reported in 128 N.W.2d 224)

May 5, 1964.

Rehearing Denied July 16, 1964.

Stipe, Davidson & Hemphill, of Clarinda, for appellant.

Mullin & Mullin, of Creston, Martin & Wenger, of Hamburg, Earl Fishbaugh, Jr., of Shenandoah, and Turner & Dryden, of Clarinda, for appellees.

Moore, J.—This declaratory equity action was brought under the provisions of rule 262, Rules of Civil Procedure, asking for construction of the residual clause in the will of Carrie M. Loranz, deceased, and declaration of rights to certain bank stock. It was submitted to the trial court upon an agreed statement of facts from which it appears Carrie M. Loranz died October 26, 1961, leaving her will dated August 30, 1957, which was duly admitted for probate in Page County November 14, 1961. Defendant, Faye Casey, to whom the testatrix referred as "my dear friend" was nominated executrix and so appointed.

The will, which is not contested here, specifically devises her home to her church, bequeaths her household furniture, certain stock and certificates to her friend and former fellow em-

ployee, Faye Casey, all her stock in the Page County State Bank to M. M. Dryden, all her stock in Loranz and Company to her nephew, Alfred Loranz, or to his heirs, share and share alike, $100 to Lois Manning and $500 and her automobile to Dennis Hulse.

Following these specific bequests the will provides:

" 'If at the time of my death, I should own or be entitled to any other property of any kind and description, either real or personal, that has not been specifically devised or bequeathed above, then it is my Will and I hereby give, devise and bequeath the same to Faye Casey.' "

M. M. Dryden, attorney for Carrie M. Loranz for many years, on July 18, 1962, filed a renunciation of the bank stock bequest to him. The controversy now before us resulted.

Plaintiff, Alfred Loranz, the closest surviving heir of the decedent contends here, as he did before the trial court, that the bank stock should be declared and distributed as intestate property. Defendant's contention, with which the trial court agreed, is that the bank stock became her property under the residuary clause. Plaintiff has appealed from the adverse ruling of the trial court.

The sole issue presented here is whether the renounced gift became intestate property or part of the residue.

The rules and principles of law involved herein are well settled. The disagreement of the parties in this action involves not the principles, but their application.

■■ The primary and controlling consideration in actions of this kind is the determination of the intention of the testator. When that has been done the intention must be made effective if it is a lawful one, and not against public policy. The intention of the testator must be ascertained from the will itself and from nothing else, if its language is plain and unambiguous. Where the intention is thus clearly and unequivocally expressed there is no need for judicial construction or extrinsic evidence, and all must yield. The intention must be that which is manifest from the express language of the will or by necessary implication. In re Estate of Syverson, 239 Iowa 800, 804, 32 N.W.2d 799, 801; In re Estate of Artz, 254 Iowa 1064, 1069, 120 N.W.2d

418, 422; Palmer v. Evans, 255 Iowa 1176, 1183, 124 N.W.2d 856, 859.

The intent of the testatrix is to be gathered from the will as a whole, giving effect to each provision thereof, if reasonably possible, and thus avoid any construction which would defeat the manifest purpose so expressed. In re Estate of Yarolem, 247 Iowa 849, 852, 76 N.W.2d 770, 771, and citations.

It is well settled that a devisee or legatee may renounce any gift made to him and that a renunciation relates back to the time when, under the law, the will became effective. Schoonover v. Osborne, 193 Iowa 474, 478, 187 N.W. 20, 27 A. L. R. 465; Goodsman v. Jannsen, 234 Iowa 925, 927, 14 N.W.2d 647, 648, and citations.

Another well recognized principle is that a renounced legacy passes under a residuary clause if there is one and its provisions do not indicate a contrary intent. Otherwise it becomes intestate property. Myers v. Smith, 235 Iowa 385, 392, 16 N.W.2d 628, 632, 155 A. L. R. 1413, and citations.

Beidler v. Dehner, 178 Iowa 1338, 1344, 161 N.W. 32, 34, states:

"One of the chief purposes of a residuary clause in a will is to prevent intestacy as to any part of the testator's estate. It covers and includes all property not otherwise mentioned or disposed of; and, in the absence of any provision indicating a contrary intent, failure of a specific legacy to vest or become effective in a legatee leaves the amount so released to fall into the residuum, and to go to the residuary legatee."

This brings us to the fighting issue between the parties. Plaintiff argues the residuary clause of the will indicates an intent the renounced legacy should not go to the residuary legatee. No extrinsic evidence was submitted in aid of the construction of the instrument. He calls our attention to the use of "other property", "owned", "not specifically devised or bequeathed", "then", and contends the residual clause is exclusive and limited by conditions which exclude property specifically devised and bequeathed. In some respects his argument would seem to be persuasive.

However, careful study of the entire will brings us to the same conclusions reached by the trial court. Testatrix intended to dispose of all her property by her will. There is no indication in the will she intended or desired that any person other than the residuary legatee benefit from her estate except the specific devisees and legatees. The bequest to her only heir, plaintiff, Alfred Loranz, indicates the extent of benefits she wanted him to receive.

In Myers v. Smith, 235 Iowa 385, 393, 16 N.W.2d 628, 632, 155 A. L. R. 1413, we state:

"Where, as here, the testator shows a clear intention to dispose of his entire estate we should give effect to that intention. We have repeatedly said we would, if possible, so construe wills as to avoid intestacy. That construction will prevail unless the language of the instrument indicates a contrary intention."

We agree with the trial court's ruling that decedent's shares of stock in the Page County State Bank upon renunciation by Dryden became the property of Faye Casey under the residuary clause of the will.—Affirmed.

All JUSTICES concur.