H. D. MILLS, R. E. Mills and Mrs. Nora Mills Bailey, Executors of the Estate of J. E. Mills, deceased, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Civ. No. 547.

United States District Court
M. D. Georgia,
Athens Division.

Feb. 25, 1965.

E. Freeman Leverett, of Heard & Leverett, Elberton, Ga., for plaintiffs.

Floyd M. Buford, U. S. Atty., Macon, Ga., Jan Tyler, Atty., Dept. of Justice, Washington, D. C., for defendant.

BOOTLE, Chief Judge:

This is an action brought by the executors of the estate of J. E. Mills, deceased, to recover federal estate taxes alleged to have been erroneously and illegally collected by the Commissioner of Internal Revenue of the United States, plus interest thereon. The controversy arises

over the amount of marital deduction claimed by the estate under 26 U.S.C.A. § 2056 and the amount of marital deduction actually allowed by the Commissioner.

All pertinent facts are before the court by way of stipulations, admissions in the pleadings and exhibits. The cause being fully considered, the court makes the following findings of fact and conclusions of law.

Plaintiffs, H. D. Mills, R. E. Mills and Mrs. Nora Mills Bailey, all residents of Elbert County, Georgia, are the duly qualified and acting executors of the last will and testament of J. E. Mills, deceased, who died a resident of Elbert County, Georgia, on March 21, 1957. Decedent was survived by his second wife, Mozelle W. Mills, and eleven adult children. These adult children were the offspring of the decedent's first marriage with Bessie B. Mills, who died on November 23, 1952. On August 24, 1957, decedent married his second wife, Mozelle W. Mills, who was then 56 years old.

The decedent's will was duly probated in solemn form by the Elbert County, Georgia, court of ordinary on April 6, 1959. Letters testamentary were issued on said date to the executors designated in the will, Mozelle W. Mills and the three plaintiffs named above. Under the terms of the decedent's will, all of his property, after payment of expenses and debts, was to be divided into twelve equal parts, one part going to his widow and one part going to each of his eleven children. It has been stipulated that the value of the property which the widow would have been entitled to under the will is $14,896.70.

On May 9, 1959, the widow through counsel advised the remaining executors of the estate that she had elected to renounce any interest in realty devised to her under the will and that she was asserting a claim against the estate for her dower interest in all of the realty owned by the decedent and for a year's support, in addition to her legacy under the will as to personal property. Subsequently, she included a claim based on her right to commissions earned and to be earned as co-executrix of the estate. A bona fide dispute upon the aforementioned matter arose between the widow and the eleven other beneficiaries under the decedent's will. This dispute was resolved by a settlement contract executed on June 15, 1959, and made the judgment of the court of ordinary on June 25, 1959. Under the settlement agreement the widow received funds and property in the amount of $25,150.00 and in return she relinquished the following rights: (a) present or future year's support from said estate, (b) dower rights arising from her position as widow of J. E. Mills, (c) her rights or claims as legatee under the decedent's will and (d) her right as co-executrix of the estate to commissions, including those already earned and all future commissions to which she might have been entitled. The widow was dismissed as one of the executors of the estate on July 2, 1959, leaving as the executors the plaintiffs in this case.

Plaintiffs, on June 7, 1960, filed a federal estate tax return claiming a marital deduction of $25,150.00 which represented the full value of the funds and property received by the widow in the settlement. On May 4, 1962 additional estate taxes in the amount of $4,214.74, plus interest, were assessed by the Internal Revenue Service. Plaintiffs agreed to all the adjustments made by the Internal Revenue Service with the exception of the disallowance of part of the claimed marital deduction. Of the claimed marital deduction, the Internal Revenue Service allowed a deduction of $14,896.70 which represents the monetary value of the one-twelfth share originally devised to the widow under the will, and disallowed $10,253.30 of the claimed deduction. After paying the estate tax deficiency the plaintiffs filed a claim for a refund asserting as the sole ground for recovery that the entire value of the property received by the widow in settlement qualified for the marital deduction. The claim for refund did not assert as an alternative

ground of recovery that any portion of the settlement figure was deductible as an expense of administration. The claim for refund was disallowed on November 18, 1963 and this action was thereafter seasonably commenced.

It is conceded by the plaintiffs that any amounts of the sum of money ($25,-150.00) received by the widow under the settlement agreement which represent payments for her claims of a year's support and executor's commissions do not qualify for the marital deduction. The Government concedes that any amount of the settlement figure ($25,150.00) which represents the value of the widow's legacy in personal property under the will as distinguished from realty qualifies for the marital deduction, pointing out, however, that in fact the value of this legacy in personal property was substantially less than the sum of $14,-896.70 actually allowed to be deducted, because said figure of $14,896.70 includes a one-twelfth interest in the realty as well as personalty. Consequently, the controversy in this case is narrowed to a question of whether the dower right relinquished by the widow in the settlement agreement qualifies for the marital deduction.

Plaintiffs take the position that under Ga.Code § 31–108 [1] a widow can elect to take an amount of money in lieu of her dower interest [2] and that an amount so paid qualifies for the marital deduction. Clearly the evidence in this case does not demonstrate what portion of the settlement figure ($25,150.00) was allocated to each of the widow's four rights relin-

quished under the agreement. For instance, this court does not know what value was placed upon the widow's dower right. Plaintiffs argue that an apportionment is not necessary since the total value of the legacy allowed by the Government ($14,896.70) and the cash value of the widow's dower right is in excess of the claimed deduction ($25,150.00). The Government contends that any sum of money paid to the widow in lieu of dower under Ga. Code § 31–108 in fact represents nothing more than a cash equivalent of a clearly terminable interest (life estate in one-third of decedent's realty) and does not qualify, as a marital deduction. The Government contends further that even assuming that a cash sum in lieu of dower would qualify for the marital deduction the deduction already allowed can not be increased because the plaintiffs have not met the burden of proof in showing what portion of the settlement figure represents the dower right relinquished by the widow.

All the cases to consider the question have held that a cash sum received in lieu of dower is not a terminable interest and is properly allowable as a marital deduction. United States v. Traders National Bank, 248 F.2d 667 (8th Cir. 1957); United States v. Crosby, 257 F.2d 515 (5th Cir. 1958); Dougherty v. United States, 229 F.2d 331 (6th Cir. 1961); United States v. Hiles, 318 F.2d 56 (5th Cir. 1963); National Bank of Orange v. United States, 218 F.Supp. 907 (E.D.Va.1963); Moore v. United States, 214 F.Supp. 603 (W.D.Ky.1963);

---

1. "31–108. (5256) Absolute estate in specified sum in lieu of dower.—With the assent of the executor or administrator of the estate, and the approval of the ordinary, the widow may elect, in lieu of her dower, an amount of money to belong absolutely to her, to be estimated and determined by the commissioners appointed to assign dower, and whose report shall be subject to the same objections as are admeasurements of dower in land. Both before the ordinary and on the return of the report of the commissioners, any person interested in the question shall be allowed to become a party and be heard. The amount so awarded shall be paid in preference to all other claims out of the proceeds of the sale of the land. (Act 1841, Cobb, 230. Act 1850, Cobb, 231.)"

2. Ga.Code § 31–101 provides:
   "31–101. (5247) Definition.—Dower is the right of a wife to an estate for life in one-third of the lands, according to valuation, including the dwelling house (which is not to be valued unless in a town or city), of which the husband was seized and possessed at the time of his death, or to which the husband obtained title in right of his wife."

Wachovia Bank & Trust Co. v. United States, 234 F.Supp. 897, (M.D.N.C. 1964). But this court does not reach that question nor does it reach the question of whether the holdings in the above cited cases have been altered by Jackson v. United States, 376 U.S. 503, 84 S.Ct. 869, 11 L.Ed.2d 871 (1964) as contended by the Government and as repudiated in First National Exchange Bank of Roanoke v. United States, 335 F.2d 91 (4th Cir. 1962). This court is of the opinion that even assuming a cash sum in lieu of dower is deductible the plaintiffs have failed to carry the burden of showing what portion of the settlement figure represented the widow's right. "[T]he burden is upon the taxpayer to establish the amount of a deduction claimed" since otherwise there exists no basis for a judgment in his favor. Helvering v. Taylor, 293 U.S. 507, 514, 55 S.Ct. 287, 290, 79 L.Ed. 623 (1935). Accord, Burnett v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L.Ed. 991 (1930); Wilcox v. Comm. of Internal Revenue, 119 F.2d 899 (6th Cir. 1941); Goldberg v. Comm. of Internal Revenue, 239 F.2d 316 (5th Cir. 1956); Zeddies v. C. I. R., 264 F.2d 120 (7th Cir. 1959). This burden is "the same whether he resisting an assessment in the tax court or *claiming a refund in an action.*" (Emphasis added). 12 Tax Law Review 332, N. 45 (1957).

We think it was imperative that the plaintiffs point out the value of the dower right actually received by the widow since it was compromised along with three other claims against the decedent's estate, two of which did not qualify for a marital deduction. Under the evidence in this case it is impossible for the court to place a value on any of the claims represented in the settlement. Plaintiffs would have the court calculate the total value of the widow's dower interest and add that to $14,896.70, the amount which the Internal Revenue Service actually allowed the plaintiffs to deduct, thus arriving at a sum in excess of the $25,150.00 claimed as a deduction and thereby rendering an apportionment of the four claims against the estate unnecessary. Plaintiffs' contention cannot prevail. In the first place, the court cannot give credit for the total value of the widow's dower right since the evidence does not show that she took such amount under the settlement agreement. This could result in the estate taking a marital deduction for a larger sum than the widow actually received and such a result would violate the intended purpose of the terminable interest concept.

" 'Generally speaking, the "terminable interest" concept was devised for the purpose of assuring that if the property bequeathed to the spouse was to be excluded from gross estate with respect to the decedent, it would be adequately integrated in the spouse's estate so that on her death it would not escape the death tax a second time. As petitioner expresses it, 'The basic principle * * * is that the spouse first to die shall be permitted to pass on to the surviving spouse free of estate tax up to one-half of his or her estate, provided only that the terms of the transfer are such that this property will be taxable in the estate of the surviving spouse.' Estate of Pipe v. Commissioner, 23 T.C. 99, 104, affirmed 2 Cir., 241 F.2d 210." United States v. Crosby, supra, 257 F.2d at 518.

To allow the plaintiffs in this case to take a marital deduction for the complete value of the widow's dower right in the absence of evidence that she received its full value with respect to that right would mean that the difference between that complete value and the amount actually received by the widow with respect to that right would be excluded from the decedent's gross estate without as much as a possibility that it would be included in the widow's gross estate upon her death.

In the second place, marital deductions are limited to the value of the property passing "from the decedent to his surviving spouse." 26 U.S.C.A. § 2056(a); Duca v. United States, 236

F.Supp. 747 (D.Md.1964). If, therefore, as a result of a controversy involving decedent's will the widow surrenders property interests in settlement of the controversy and acquires in return a different property interest, whether it be of greater or lesser value than the interests surrendered, it is the value of the property interest which is actually assigned to the widow that is considered as having "passed from the decedent to his surviving spouse." See § 20.2056 (e)–2(d) (1) and (2), Estate Tax Regulations. This makes it even clearer that the estate would be entitled to a marital deduction only as to the value of the property interest received by the widow and not as to the value of the property she might have received had she not compromised.

Accordingly, this court concludes that the plaintiffs are not entitled to recover the claimed refund and interest.

Let counsel for the Government prepare and submit an appropriate judgment in accordance with these findings and conclusions.