In the Matter of the **ESTATE** of
**Della ROHN, Deceased.**

No. 53756.

Supreme Court of Iowa.

March 10, 1970.

Johnson, Burnquist & Erb, Fort Dodge, for appellants.

Bastian, Beisser & Carlson, Fort Dodge, for appellees.

MOORE, Chief Justice.

Various applications, motions and objections were filed and hearings held in the matter of the estate of Della Rohn, deceased. Included was a petition for declaratory judgment disposition of which gives rise to this appeal. The two questions presented here, as in the trial court, are: (1) Is a purported renunciation made by a devisee prior to testatrix' death effective? and (2) Is a purported renunciation made by a devisee binding on the heirs of that devisee when the devisee predeceased the testatrix?

The trial court answered both questions in the affirmative and entered a decree determining the rights of the involved parties accordingly. The heirs of the devisee have appealed. The declaratory judgment having been tried in equity it is reviewable de novo by us. Rule 334, Rules of Civil Procedure.

There appears to be no serious factual dispute in the record. Della Rohn's parents, husband and only child all died prior to 1960. Her heirs at law are her sisters, Helen Bunker and Ella Doyle, and a deceased sister's daughter, Kathryn O. Lehman. The niece Mrs. Lehman, had lived with her aunts, Della and Ella, from age 15 until she was grown. The two aunts in later years expressed desires that Mrs. Lehman be called from her home in Missouri if either needed help and attention.

Evidently testatrix, Della Rohn, in July 1960 made a Will in the office of her attorney, Mr. Bradshaw, giving her property largely to Mrs. Lehman. About that time testatrix became acquainted with James Crawford, a widower. He too was an elderly person. They became friends and were seen togther in eating places in Fort Dodge where both lived.

On December 30, 1960 testatrix, rather than going to her regular lawyer, went to Maurice Breen, a lawyer whom Mr. Crawford had retained in another connection. She there made a new Will leaving her property largely to Mr. Crawford as residuary devisee.

By 1963 testatrix was failing and prior to August 1 became a patient in a Fort Dodge hospital. At testatrix' request Mrs. Lehman was asked to come from her home in Missouri. She arrived in Fort Dodge on August 1 and went to the hospital where she saw Mr. Crawford in the lobby. Mrs. Lehman had met him at her aunt's home in 1962. They were friendly at all times. Later testatrix introduced Mr. Crawford as her son and showed other evidence of being confused.

Testatrix had heavy expenses accruing and Mrs. Lehman was advised by hospital personnel a guardianship of testatrix' property ought to be instituted. Mr. Bradshaw prepared a voluntary petition which testatrix signed. Mrs. Lehman on August 5, 1963 was appointed guardian or conservator. In this state of affairs Mr. Crawford who had considerable property of his own, voluntarily decided to step out of the picture and to renounce any claim under the Will of December 30, 1960. He was fully aware of its provisions. On August 7, 1963 Mrs. Lehman at Mr. Crawford's request accompanied him to the office of the scrivener of that Will. Mr. Crawford had Mr. Breen draft the following renunciation which he executed and caused to be delivered to the attorney of testatrix and Mrs. Lehman, Mr. Bradshaw: "Whereas, the undersigned, James W. Crawford, was in the year 1960 named beneficiary in the Will of Della Rohn, and the said Della Rohn is now confined in a hospital, and has sustained substantial expense, and the probabilities are that she will continue to sustain expense of a substantial nature.

"It is the desire of the undersigned to renounce, disclaim or waive any devise, bequest or interest in any estate, under which

he might have an interest by reason of any Will of the said Della Rohn.

"In other words, the undersigned does not want any part of said estate, and agrees to waive any claim he might have to it if he does have such claim.

"Dated at Fort Dodge, Iowa, this 7th day of August, A.D., 1963."

Mr. Breen testified regarding his conference with Mr. Crawford in the presence of Mrs. Lehman prior to his preparation of the above instrument. Mr. Crawford expressed his awareness of the expenses which would be incurred and that it would be necessary for Mrs. Lehman to supervise the care of testatrix and perhaps move her to Missouri. Mr. Breen stated: "Jim (Mr. Crawford) wanted this letter to show the fact that he was ready to release any interest that he had in her estate."

Testatrix apparently rapidly became worse as, on the petition of her sister, she was committed to the mental institute at Cherokee on September 9, 1963. She was returned to Fort Dodge for short periods thereafter. She was taken back to Cherokee on August 20, 1964 where she remained until April 6, 1967, the date of her death. Mrs. Lehman from the date of her appointment served as guardian or conservator until testatrix' death and thereafter made the funeral arrangements. Testatrix was never told about the renunciation signed by Mr. Crawford.

Shortly after signing the renunciation Mr. Crawford told his brother he had done so. He predeceased testatrix. He never attempted to withdraw or change his renunciation.

Appellants here, Marcella Mersch and Monica Nilles, are heirs at law of James Crawford. In addition to asserting the renunciation was a nullity they say they have a greater right than the devisee himself, and point to the anti-lapse statute, Code section 633.273.

Appellees, Helen Bunker, Ella Doyle and Kathryn O. Lehman, are the heirs at law of testatrix. They argue the trial court's ruling was correct and the property devised and bequeathed to Mr. Crawford as residuary beneficiary passes intestate. The latter claim is well supported by our holding in In re Estate of Loranz, 256 Iowa 818, 821, 128 N.W.2d 224, 225, and citations.

I. The questions presented are of first impression in this court. No Iowa case has come to our attention where a beneficiary has executed a revocation of any interest he might have in the estate of another prior to the death of that other. There is little authority on the subject in other jurisdictions. See Anno., 93 A.L.R.2d 8, section 27, pages 57, 58.

In cases concerning renunciation after probate of the will it is well settled that a devisee or legatee may denounce any gift made to him. His motives in doing so are immaterial. In re Loranz Estate, supra; Goodsman v. Jannsen, 234 Iowa 925, 927, 928, 14 N.W.2d 647, 648, and citations; See also 96 C.J.S. Wills, § 1151.

In McCarthy v. McCarthy, 9 Ill.App.2d 462, 133 N.E.2d 763, the court upheld an attorney's renunciation of an expected right under the Will of his client, even though the attorney later, after the Will was probated, attempted to have the renunciation set aside for lack of consideration.

In re Willets' Estate, 173 Misc. 199, 17 N.Y.S.2d 578, a nephew had acted as attorney in fact for his aged aunt. He had loaned $10,000 of her funds to a corporation of which he was a director and chairman of the executive committee. He became fearful and anticipated his conduct might be the subject of criticism after his aunt's death. In an instrument, written and signed by the nephew, he stated: "In the event of the death of Maria Willets, before the payment to her of the notes of the Alamo Coal Co, amounting to ten thousand dollars, I consent to and direct the executors of her estate to deduct from any

monies left to me by her will, the said amount of ten thousand dollars and to deliver to me the notes representing that amount." The court held an agreement of a potential legatee made during the lifetime of the owner of the estate to release or relinquish a part or all of an interest in such an estate is enforceable. The court rejected the contention the agreement should have been also signed by the testatrix.

In Stewart v. McDade, 256 N.C. 630, 124 S.E.2d 822, a guardian instituted action to set aside a deed executed by his ward, Stewart, to defendant McDade. In making a settlement McDade executed a release denouncing her right to take under a purported will of Stewart. The court held a release of an expectant share to an ancestor, freely made for consideration excluded the releasor from participation in the estate. Under the facts the release executed by the expectant beneficiary of a testamentary gift was held enforceable in the absence of proof of fraud or imposition.

96 C.J.S. Wills § 1151b, pages 950–951, states: "Whether or not a renunciation or disclaimer is sufficient is a question of fact, and in order to be effective, it must be express, clear, and unequivocal, and must be evidenced by some positive act or statement made with knowledge of the existence of the will, so as to prevent all future cavil and operate as a quasi estoppel."

The facts in the case at bar are unlike those in any case which has come to our attention. The reasoning and conclusions in the cited cases are however of some value here.

Mr. Crawford had been in close association with testatrix and was aware of her mental deterioration. There is no evidence he took advantage thereof but he had a part in testatrix going to his lawyer to have the December 30, 1960 Will prepared. He observed the relationship of testatrix and Mrs. Lehman. He knew Mrs. Lehman had been appointed guardian or conservator and was giving and would continue to give long hours in caring for testatrix and handling her affairs. He knew the major portion of Mrs. Rohn's property would go to him under the terms of the will. He told Mrs. Lehman almost everything was left to him. No doubt he was embarrassed by what appeared to him to be unfair treatment of the niece. It seems clear from the particular facts that he wished to induce Mrs. Lehman to continue her efforts. In delivering the document to the attorney for testatrix and guardian he represented it to be binding and final. His sense of fairness must be admired. Under such facts the renunciation must be construed as operating as an agreement and an estoppel. If he had not predeceased testatrix he would have been estopped to claim under her will.

II. In the findings and conclusions the trial court stated: "It appears to the Court that the Crawford heirs are saying a stream can rise higher than its source. * * * There is no lapsed devise, for he (Mr. Crawford) has previously extinguished the devise. This is true whether he survives testatrix or not. Thus his heirs' right to the devise is measured by his right to the devise, and since he previously gave up the devise no devise exists for him or his heirs." We agree. In re Estate of Mikkelsen, 202 Iowa 842, 843–848, 211 N.W. 254, 255, 256, and citations.

The rulings and order of the trial court were correct.

Affirmed.

All Justices concur, except UHLENHOPP, J., who takes no part.