The **MERCHANTS NATIONAL BANK OF CEDAR RAPIDS**, Trustee under the Last Will and Testament of Victor D. Merveaux, Deceased, Plaintiff,

v.

The **UNITED STATES** of America, ·Defendant.

Civ. No. 70–C–7–CR.

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

Feb. 18, 1971.

Ralph V. Harman, Cedar Rapids, Iowa, for plaintiff.

Evan L. Hultman, U. S. Atty., Sioux City, Iowa, Stephen J. Csontos, Atty., Department of Justice, Johnnie M. Walters, Asst. Atty. Gen., David A. Wilson, Jr., Atty., Department of Justice, Washington, D. C., for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on cross-Motions for Judgment on the Pleadings, filed September 4 and November 3, 1970, by plaintiff and defendant respectively. A motion for oral hearing was filed November 20, 1970, by plaintiff.

This action is brought under the provisions of 28 U.S.C. § 1346(a) (1) for the recovery of $30,057.61 plus interest on the ground that defendant erroneously denied a marital deduction authorized under 26 U.S.C. § 2056(b) (5).

It is the view of the court, from an examination of the entire record, that there is no genuine issue of any material fact and that no oral hearing should be held on the cross-Motions for Judgment on the Pleadings.

The sole question before the court is whether the bequest which passed under Item III of the will of Plaintiff's deceased husband qualifies for the marital deduction under the provisions of 26 U. S.C. § 2056(b) (5). The particular statutory requirement with which this action is concerned is that the "surviving spouse [be] entitled for life to all the income from the entire interest * * *, payable annually or at more frequent intervals * * *."

The first paragraph of Item III (A) of the decedent's Will, which is the subject of this action provides:

"(A)—*Distribution During Wife's Lifetime*

"My Trustee shall as long as my wife, Nina, shall live, distribute to her not less often than quarterly the entire net income of the Trust Estate. In the event that such income, together with income received by her from other sources is not adequate to provide for my wife in the station of life to which we were accustomed during our married life, then my Trustee in its sole and absolute discretion may pay to my wife such amounts from the principal of the Trust as it shall deem proper to so maintain and support her. In the event my wife shall at any time become ill or if for any reason my Trustee shall consider her unable to manage her own affairs, it shall have power in its sole and abso-

lute discretion, in lieu of making payments of such income or principal directly to her, to use, apply, expend or accumulate for her benefit the entire income or any part thereof and whatever amount or amounts of principal as it may determine."

It must be conceded that there is an ambiguity which calls for construction. Two provisions in paragraph (A) of Item III of the decedent's Will require reconciliation. The first sentence contains a directive that the Trustee shall distribute to the surviving spouse the entire income of the Trust Estate not less often than quarterly. However, the final sentence of this paragraph authorizes the Trustee, in lieu of making payments directly to the surviving spouse, to "use, apply, expend or accumulate" the entire income, or any part thereof as it may determine, if she shall become ill or unable to manage her own affairs.

Defendant contends that plaintiff does not have an absolute right to receive the income at least annually if she "shall at any time become ill or if for any reason my Trustee shall consider her unable to manage her own affairs." Defendant further alleges that the power of the Trustee to accumulate income under the terms of the Will is much broader than the powers granted to a Trustee under state law because it effectively converts the trust into a discretionary support trust when plaintiff becomes ill or, in the view of the Trustee, is unable to manage her own affairs.

Plaintiff asserts that the Trustee is given a positive and mandatory directive to distribute the entire income not less often than quarterly. Plaintiff further contends that the powers of the Trustee to accumulate income adds nothing to the powers which a Trustee possesses under state law and must be used for the benefit of plaintiff.

The court is of the view that plaintiff's motion is well taken. The court has a duty to construe the Will as to ascribe to Testator such intention as seems most nearly consistent with the entire language used and best calculated to attain the ultimate end he had in mind. In determining the Testator's intent, the Will should be construed as a whole and effect should be given to each provision, if possible. Ambiguous language therefore, is to be construed in favor of the general or primary intent of the Testator manifest from the instrument taken as a whole. In re Tedford's Estate, 258 Iowa 890, 140 N.W.2d 908 (1966); Watson v. Manley, 257 Iowa 92, 130 N.W.2d 693 (1964); In re Loranz' Estate, 256 Iowa 818, 128 N.W.2d 224 (1964).

■ There would seem to be no escape from the conclusion that the Testator intended his spouse to have the entire income of the Trust Estate payable at least quarterly. The first sentence of Item III (A) of the Will contains an absolute bequest to plaintiff by language which is definite and certain. The Trustee "shall as long as my wife, Nina, shall live, distribute to her not less often than quarterly the entire income of the Trust Estate." The word "shall" is a positive and mandatory directive to the Trustee and precludes the exercise of discretion. In re Young's Estate, 243 Iowa 211, 49 N.W.2d 769 (1951). Furthermore, upon the death of the surviving spouse, the Will provides for the distribution of the principal of the Trust but makes no provision for the distribution of income accrued but not distributed by the Trustee.

■ Defendant argues that the subsequent language that the Trustee may discretionally "accumulate for her benefit" makes the bequest conditional and converts it into a discretionary support trust. A fair construction, consistent with the general intent of the Testator, would be that this language merely authorizes the Trustee to "use, apply, expend or accumulate for her benefit" the income produced by the Trust Estate during each quarter at the expiration of which the Trustee is compelled to pay over to plaintiff any income so accumulated.

Further, if, as defendant suggests, the language of the third sentence purports to create a discretionary support trust, such provision is void for repugnancy as it would be in irreconcilable conflict with the mandatory language of the first sentence. In re Lamp's Estate, Iowa, 172 N.W.2d 254 (1969); In re Coleman's Estate, 242 Iowa 1096, 49 N. W.2d 517 (1951). Further, where there is an irreconcilable repugnance between two provisions the first of which constitutes an absolute bequest, that provision prevails. In re Robert's Estate, Iowa, 171 N.W.2d 269 (1969); In re Lewis' Estate, 248 Iowa 227, 80 N.W.2d 347 (1957); In re Edwards' Estate, 231 Iowa 71, 300 N.W. 673 (1941).

It is therefore

Ordered

1. Plaintiff's Motion for oral hearing filed November 20, 1970, is denied.

2. The Clerk shall enter judgment for the plaintiff in the sum of $30,057.-61 with interest at the rate of 6% from August 25, 1969.