GRACE M. PARKER, TRUSTEE AND TRANSFEREE OF THE ESTATE OF S. E. PARKER, DECEASED, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2847–72.    Filed May 15, 1974.

*John F. Bierman,* for the petitioner.
*Ronald M. Frykberg,* for the respondent.

#### OPINION

FEATHERSTON, *Judge:* Respondent determined a deficiency in the estate tax due from the Estate of S. E. Parker, deceased (the estate), in the amount of $17,245.02. The only issue for decision is whether the estate is entitled to a marital deduction under section 2056(a) [1] of $225,740.32, the date-of-death value of property devised and bequeathed to petitioner Grace M. Parker as surviving spouse, or whether the estate's marital deduction is limited to $163,266.64, the value of the property actually distributed to petitioner out of the gross estate. [2]

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect at the time of decedent's death, unless otherwise noted.

[2] Petitioner has agreed that she is a trustee and transferee within the meaning of secs. 6324 and 6901 and is liable for any deficiency in estate tax that the Court shall determine to be due.

All the facts are stipulated.

Petitioner Grace M. Parker is the surviving spouse of S. E. Parker (the decedent), who died testate on December 3, 1967. Petitioner's legal residence on the date of the filing of the petition was Gilman, Iowa. At the time of his death, the decedent was a citizen of the United States and a resident of Gilman, Iowa.

The last will and testament of the decedent, dated January 3, 1962, and a codicil thereto were admitted to probate by the District Court of Iowa for Marshall County (the Iowa District Court) on December 18, 1967. On the same date petitioner was appointed and qualified as executrix of the estate.

The decedent's will, in pertinent part, is as follows:

ITEM II: In the event my wife, Grace M. Parker, survives me, I direct that my Executrix shall set aside assets of my estate of a value at the time they are so set aside, equal to 50% of the value of my adjusted gross estate as finally determined for Federal Estate tax purposes, less the aggregate amount of marital deductions, if any, allowed for Federal Estate tax purposes by reason of interests in property, irrespective of whether probate or non-probate, passing or which have passed to my said wife, Grace M. Parker, otherwise than by the terms of this Item of my will. However, in no event shall there be included in the assets so set aside any asset or proceeds of any asset with respect to which a marital deduction would not be allowable for Federal Estate tax purposes. The asset so set aside I hereby give, devise and bequeath unto my wife, Grace M. Parker, to be her own absolutely. If my said wife does not survive me then the provisions of this Item shall be wholly inoperative.

ITEM III: All the rest, residue and remainder of my estate, of every kind and nature, wheresoever situated and whether now owned by me or hereafter acquired, which for convenience may be called the "RESIDUARY TRUST" I give, devise and bequeath unto my wife, Grace M. Parker, as Trustee, and to her successors in trust, to be by her managed, administered and the principal thereof and the income therefrom held and distributed as follows:

(a) During the life of my wife, Grace M. Parker:

(1) My Trustee shall pay to my wife, Grace M. Parker, in monthly or other convenient installments, the net income derived from the RESIDUARY TRUST after receipt of the Trust Estate by my Trustee.

＊ ＊ ＊ ＊ ＊ ＊ ＊

ITEM V: My Trustees shall have power and authority to do any act or thing reasonably necessary or advisable for the proper administration and distribution of any Trust created by this, my will. * * *

＊ ＊ ＊ ＊ ＊ ＊ ＊

ITEM VI: It is my intention that the bequest to my wife, Grace M. Parker, provided for by ITEM II hereof, shall meet the requirements of the Internal Revenue Code of the United States, particularly Section * * * [2056] thereof, so that the marital deduction will be allowed with respect to said bequest in its entirety, and I therefore specifically direct and provide that the provisions of this, my will, shall be construed so as to meet such requirements.

ITEM VII: I hereby nominate and appoint my wife, Grace M. Parker, as Executrix of this my Last Will and Testament, and I hereby give and grant unto my Executrix with respect to my estate and each portion thereof, real, personal or mixed, all powers, duties and discretions herein given and granted

to my Trustee with respect to my Trust Estate, By ITEM V hereof, all of which shall be in addition to and not in limitation of those which my Executrix otherwise would possess. * * *

On May 20, 1968, petitioner filed an "Election of Surviving Spouse in Relation to Will" in the Iowa District Court. The election was captioned "In the Matter of the Estate of S. E. Parker, Deceased," and states:

Comes now the undersigned, surviving spouse of the above named decedent, and voluntarily elects to take under the provisions of the will of said decedent heretofore admitted to probate in this cause, and directs that this election be entered on the proper records of the Court.

The decedent's estate, as originally reported in an estate tax return filed on October 11, 1968, listed assets with a value of $610,758.36. Excludable from the gross estate, however, were assets owned jointly by petitioner and decedent with a value of $121,530.57 [3] for which petitioner had furnished the consideration. See sec. 2040. Thus, the gross estate was shown on the estate tax return as $489,227.79.[4] Expenses and debts deducted by the estate totaled $17,500.63. The return claimed a marital deduction of $235,863.58, i.e., one-half of the adjusted gross estate ($489,227.79 less deductions of $17,500.63 or $471,727.16).

On audit of the estate tax return, in accordance with an application filed pursuant to section 2204, the reported value of certain property was adjusted upward, the deductions were allowed, and the adjusted gross estate was determined to be $480,123.16. A marital deduction of $225,740.32 (the $235,863.58 claimed on the return, less an adjustment of $10,123.26, which is not challenged by petitioner) was allowed and the taxable estate was determined to be $194,-382.84. An estate tax of $46,509.66 was determined and paid.

In connection with the audit, petitioner, as surviving spouse and as executrix, signed agreements in accordance with Rev. Proc. 64–19, 1964–1 C.B. 682. In these agreements petitioner acknowledged, among other things, that a gift tax would be payable if the net appreciation or depreciation in value of the property distributed to satisfy the formula marital bequest was not fairly representative of the net appreciation or depreciation in value of all the property available for distribution.[5] To permit verification in this respect, petitioner agreed to file a copy of her final report of distribution with the district director of internal revenue.

---

[3] These jointly owned assets consisted of United States Government bonds in the amount of $120,622.98 and a joint checking account in the amount of $907.59.

[4] The estate did not make an election under sec. 2032 to have the assets of the gross estate valued as of 1 year after decedent's death.

[5] We agree with respondent that these agreements, designed to deal with net appreciation or depreciation in the values of distributed assets in relation to the formula marital bequest, are not pertinent to the issue presented for decision.

The final report filed by petitioner as executrix of decedent's estate disclosed that assets totaling $274,602.61 in value at the date of distribution plus real estate valued at $35,250 were "selected and assigned to the surviving spouse, Grace M. Parker, under the marital deduction clause of Item II of the decedent's Last Will and Testament." The parties herein have stipulated that the reported distribution covered the jointly held property which was not includable in the gross estate by reason of section 2040. The parties have further agreed that (disregarding the jointly held property) the assets included in decedent's gross estate and actually distributed to petitioner as surviving spouse to satisfy the marital bequest had an aggregate fair market value of $163,266.64.[6]

In a statutory notice of liability mailed February 15, 1972, to petitioner, as trustee and transferee of the estate, respondent determined that:

the marital deduction is limited to the value of decedent's property distributed to his surviving spouse and included in the gross estate for estate tax purposes, as provided in Section 2056 of the Internal Revenue Code of 1954. It is further determined that such value is $163,266.64 rather than $225,740.32 allowed in the prior audit of the estate tax return. Accordingly, the marital deduction is reduced $62,473.68, and the taxable estate is increased in like amount.

Section 2056(a)[7] allows a marital deduction, subject to stated limitations, in an amount equal to the value of "any interest in property which passes or has passed from the decedent to his surviving spouse" to the extent that such interest is included in determining the value of the gross estate. The question is whether the $62,473.68, bequeathed to petitioner but not formally distributed to her, may be included in the computation of the allowable marital deduction.

We hold that the full amount to which petitioner was entitled under the will "passed" to her, within the meaning of section 2056(a) and that the estate is entitled to a marital deduction of $225,740.32. From the outset, petitioner has conceded that she made a taxable gift to the residuary trust of the $62,473.68 which she, as executrix, did not cause

---

[6] As stated in fn. 4, above, the estate did not elect to value the estate's assets at the alternate valuation date provided in sec. 2032. Unless such election is timely made, the proper time for determining the value of any deductible interest for the purposes of sec. 2056(a) is the date of the decedent's death. Sec. 20.2056(b)–4(a), Estate Tax Regs.

[7] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

The limitations referred to in subsec. (b) (that the deductible interest may not include a life estate or other terminable interest) and subsec. (c) (that the aggregate of specified deductions may not exceed 50 percent of the adjusted gross estate) are not here involved. The third limitation, subsec. (d), dealing with disclaimers, is one of the grounds relied upon by respondent to defeat the deduction and is discussed in the text.

to be distributed directly to her but allowed to be distributed to the residuary trust.

Under the controlling Iowa law, petitioner could elect, as decedent's widow, to take against the will or under the will. Iowa Code Ann. sec. 633.236 (West 1964) and sec. 633.237 (as amended by Acts 1965 (61 G.A.) ch. 432, sec. 16) (West Supp. 1972). She clearly and unequivocally made a timely election to take under the will, thereby waiving her statutory rights as the decedent's widow.[8] See *In Re Emerson's Estate*, 191 Iowa 900, 183 N.W. 327 (1921). Under the terms of the will, she became entitled to receive assets of a value equal to 50 percent of the net value of the assets includable in the decedent's adjusted gross estate.

We think the interest to which petitioner thus became entitled under the will "passed" to her from the decedent in the manner contemplated by section 2056(a). The concept of the passing of an interest in property as employed in that section was made more explicit by section 2056(e), which is in pertinent part as follows:

For purposes of this section, an interest in property shall be considered as passing from the decedent to any person if and only if—

(1) such interest is bequeathed or devised to such person by the decedent;

The report of the Senate Finance Committee (S. Rept. No. 1013, 80th Cong., 2d Sess. (1948), 1948–1 C.B. 334), accompanying the enactment of the predecessor of section 2056(e), explains: "If the surviving spouse takes under the decedent's will, the interest passing to her is determined from the will."

The principle as it relates to an election by the surviving spouse is further developed in section 20.2056(e)–2(c), Estate Tax Regs., in pertinent part as follows:

(c) *Effect of election by surviving spouse.* This paragraph contains rules applicable if the surviving spouse may elect between a property interest offered to her under the decedent's will or other instrument and a property interest to which she is otherwise entitled (such as dower, a right in the decedent's estate, or her interest under community property laws) of which adverse disposition was attempted by the decedent under the will or other instrument. * * * *If the surviving spouse elects to take under the will or other instrument,* * * * *the interest taken under the will or other instrument is considered as having so passed (if it otherwise so qualifies).* * * * [Emphasis added.]

---

[8] Sec. 633.238, Iowa Code Ann. (West 1964), relating to a surviving spouse's share under an election to take against the will, provides:

If the surviving spouse elects to take against the will, the share of such surviving spouse will be:

1. One-third in value of all the legal or equitable estates in real property possessed by the decedent at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the surviving spouse has made no relinquishment of his right.

2. All personal property that, at the time of death, was in the hands of the decedent as the head of a family, exempt from execution.

3. One-third of all other personal property of the decedent that is not necessary for the payment of debts and charges. Acts 1963 (60 G.A.) ch. 326, § 238.

In accordance with the expressed intent of the decedent, stated in the formula marital bequest provisions of the will, we conclude that a $225,740.32 interest in the decedent's estate passed to petitioner.

In support of his determination, respondent makes two arguments. First, he contends that the marital deduction must be limited to the property includable in the decedent's gross estate which was actually received by petitioner.[9] This argument reiterates the language of the notice of deficiency, quoted above, to the effect that the deduction is limited "to the value of decedent's property distributed to his surviving spouse."

We do not think the words "passes or has passed," used in section 2056(a), can be equated with "distributed." As a practical matter, many estates are not distributed until after the estate tax return has been filed and the estate tax has been paid. In such cases, computation of the marital deduction would be impossible if its amount depends upon the actual distribution of the assets of the estate. A careful study of the legislative history of section 2056 produces no support for respondent's argument; to the contrary, the legislative history of that section emphasizes that certain interests in property given the surviving spouse by the decedent's will or by the operation of State law, not necessarily the amounts distributed, qualify for the marital deduction. S. Rept. No. 1013, 80th Cong., 2d Sess. (1948), 1948-1 C.B. 332-346.

The courts have declined to measure the amount "passing" to the surviving spouse by the amount distributed to her. In *Estate of William John Ahlstrom*, 52 T.C. 220 (1969), for example, the decedent's will bequeathed a fractional interest in certain trust income to his widow for her life, and 4 years after his death she made an election, not timely under the applicable Florida statute, to take dower in lieu of the bequest. Notwithstanding a probate court order distributing the nonterminable dower interest to her, this Court held that the dower interest did not "pass" to the widow from the decedent as required by section 2056 because the election did not conform with the State statute. In other words, since the widow did not receive this property under her husband's will and it did not pass by operation of State law, it did not qualify for the marital deduction.

Similarly, in *Hardenbergh* v. *Commissioner*, 198 F. 2d 63 (C.A. 8, 1952), affirming 17 T.C. 166 (1951), certiorari denied 344 U.S. 836 (1952), a widow and daughter attempted to renounce their interests in

---

[9] Respondent emphasizes that sec. 2056(a) allows a deduction for an interest in property passing to the surviving spouse "only to the extent that such interest is included in determining the value of the gross estate." Pointing out that the propery actually received by petitioner included the nontaxable jointly held property, respondent argues that this requirement of sec. 2056(a) has not been met. We do not understand petitioner to base her claim to the marital deduction on the receipt of any jointly owned property not includable in the decedent's gross estate.

the intestate decedent's estate even though the State law contained no renunciation procedure. The probate court accepted the renunciations and distributed their interests to others, but the Court of Appeals held, in the cited case, that the widow and daugher made taxable gifts of their interests in the decedent's estate. See also *Estate of Herman Hohensee, Sr.*, 25 T.C. 1258 (1956).

The cases relied upon by respondent are not apposite. In *Estate of Frank G. Hagmann*, 60 T.C. 465 (1973), affirmed per curiam 492 F. 2d 796 (C.A. 5, 1974), the issue was the deductibility of debts that became void because no claims were filed with the estate. In *Citizens & Southern National Bank* v. *United States*, 451 F. 2d 221, 228 (C.A. 5, 1971), and *Mills* v. *United States*, 241 F. Supp. 955, 959 (M.D. Ga. 1965), the marital deduction was limited to amounts paid the widow to settle a dispute as to her rights under the will. Since no dispute is involved in the instant case, there is no question that the $62,473.68 "passed" to petitioner under decedent's will. She merely augmented the residuary trust by distributing that sum to it rather than to herself and thereby made a concededly taxable gift to the trust.

Second, respondent contends, for the first time in his reply brief, that petitioner's failure to set aside and distribute to herself the full $225,740.32 "did not constitute the making of a gift * * * but constituted a disclaimer of her right to assets in excess of $163,266.64." He points out that, under Iowa law, a renunciation relates back to the time when the will became effective. *In Re Loranz' Estate*, 256 Iowa 818, 128 N.W. 2d 224, 225 (1964). He also cites section 2056 (d) (1)[10] of the Code and section 20.2056(d)-1(a) of the Estate Tax Regulations to the effect that an interest disclaimed by the surviving spouse is considered as having passed to the person or persons entitled to receive the interest as a result of the disclaimer.[11]

We think the argument lacks merit. Here, again, we must turn to Iowa law, since the legislative history of section 2056(d) shows that a disclaimer must be a valid refusal under State law. Cf. S. Rept. No. 1599, 89th Cong., 2d Sess. (1966), 1966–2 C.B. 801; *Estate of C. Warren*

---

[10] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(d) DISCLAIMERS.—

(1) BY SURVIVING SPOUSE.—If under this section an interest would, in the absence of a disclaimer by the surviving spouse, be considered as passing from the decedent to such spouse, and if a disclaimer of such interest is made by such spouse, then such interest shall, for the purposes of this section, be considered as passing to the person or persons entitled to receive such interest as a result of the disclaimer.

[11] Respondent's disclaimer argument in his reply brief is inconsistent with his original argument, discussed above, because sec. 2056(d)(1) of the Code and sec. 20.2056(d)-1(a), Estate Tax Regs., apply only if the disclaimed interest would otherwise be considered as having passed to petitioner. Respondent's original argument was that the $62,473.68 in excess of the amount distributed to petitioner never passed to petitioner under any circumstances.

*Caswell*, 62 T.C. 51 (1974). Under Iowa law, a surviving spouse is given the right to elect to take or to refuse to take under the will, and the election must be made within a period of approximately 6 months after the second publication of notice that the will had been admitted to probate. Where, as in the instant case, the surviving spouse is the executor (executrix) and fails to make such an election within that period, "it shall be conclusively presumed" that the survivor consents to the will and elects to take under it. Iowa Code Ann. sec. 633.236 (West 1964) and sec. 633.237 (as amended by Acts 1965 (61 G.A.) ch. 432, sec. 16) (West Supp. 1972).

The document filed by petitioner on May 20, 1968, in the probate proceeding was obviously a timely written election to take under her deceased husband's will. It has never been renounced or revoked. That election is entirely inconsistent with any purported disclaimer—"a complete and unqualified refusal to accept the rights to which one is entitled," S. Rept. No. 1013, 80th Cong., 2d Sess. (1948), 1948–1 C.B. at 334—and it constitutes an acceptance of the property rights devised and bequeathed to her. "There can be no disclaimer after an acceptance of such rights, expressly or impliedly." S. Rept. No. 1013, *supra*, 1948–1 C.B. 334. There can be no refusal of ownership of property after its acceptance. Cf. sec. 25.2511–1(c), Gift Tax Regs.

We do not think petitioner's action in causing the $62,473.68 to go directly to the trust without its first having been distributed to her, after she had made the election to take under the will, can be said to be a disclaimer of that amount under section 2056(d)(1). The regulations (sec. 20.2056(d)–1(a), Estate Tax Regs.)[12] recognize the distinction between a "surviving spouse's disclaimer of a property interest and her acceptance and subsequent disposal of a property interest." In the instant case petitioner was both the beneficiary of the $62,473.68 bequest and the executrix of the will, as well as the trustee and life beneficiary of the residuary trust.[13] If she had caused this amount to be distributed to her and then had immediately transferred it to the

---

[12] Sec. 20.2056(d)–1  Marital deduction ; effect of disclaimers.

(a) *By a surviving spouse.* If a decedent's surviving spouse makes a disclaimer of any property interest which would otherwise be considered as having passed from the decedent to her, the disclaimed interest is to be considered as having passed from the decedent to the person or persons entitled to receive the interest as a result of the disclaimer. A disclaimer is a complete and unqualified refusal to accept the rights to which one is entitled. It is, therefore, necessary to distinguish between the surviving spouse's disclaimer of a property interest and her acceptance and subsequent disposal of a property interest. For example, if proceeds of insurance are payable to the surviving spouse and she refuses them so that they consequently pass to an alternate beneficiary designated by the decedent, the proceeds are considered as having passed from the decedent to the alternate beneficiary. On the other hand, if the surviving spouse directs the insurance company to hold the proceeds at interest during her life and, upon her death, to pay the principal sum to another person designated by her, thus effecting a transfer of a remainder interest, the proceeds are considered as having passed from the decedent to his spouse. * * *

[13] To the extent of the $62,473.68 transfer, she also may be regarded as grantor of the trust. See sec. 2036.

residuary trust, the estate would clearly have been entitled to the marital deduction for that amount, and she would have been subject to a gift tax thereon. *Isaac Harter, Jr.,* 39 T.C. 511 (1962). The mere fact that she made the transfer to the trust in one step, rather than two, does not require an opposite conclusion.

*Decision will be entered under Rule 155.*