# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0015
Filed January 7, 2026

————————————

**Warren A. Kleinendorst, Margaret Weuve, and Barbara Lynn Hoover,**
Plaintiffs–Appellants,

v.

**Kristine Lynn Zimmerman, as Executor of the Estate of Dorothy Evelyn Kleinendorst, Kristine Lynn Zimmerman, as Beneficiary of the Estate of Dorothy Evelyn Kleinendorst, T.A. Land, Inc., Jim Anderson, Linda Anderson and Their Unknown Heirs Devisees, Grantees, Assignees, Successors, and The Unknown Claimants of the Following Described Real Estate Located in Boone County, Iowa, to wit: The East 20 acres of the North ½ of the NW ¼ and the West 10 acres of the North ½ of the NE ¼ section 1, Township 84 North Range 26 West of the 5th P.M., Boone County, Iowa,**
Defendants–Appellees.

————————————

Appeal from the Iowa District Court for Boone County,
The Honorable John R. Flynn, Judge.

————————————

**AFFIRMED**

————————————

William W. Graham of Duncan Green, P.C., Des Moines, attorney for appellants.

1

Janice M. Thomas and Ryan P. Tunink of Lamson Dugan & Murray, LLP, West Des Moines, attorneys for appellees T.A. Land Inc., Jim Anderson, and Linda Anderson.

J.M. Boomershine of Sullivan & Ward, P.C., West Des Moines, attorney for appellees Estate of Dorothy E. Kleinendorst and Kristine L. Zimmerman, as Executor of the Estate of Dorothy E. Kleinendorst.

––––––––––––––––––

Considered without oral argument
by Tabor, C.J., and Greer and Buller, JJ.
Opinion by Tabor, C.J.

**TABOR, Chief Judge.**

This appeal addresses the fate of Boone County farmland distributed through three Jasper County probate matters spanning three decades. Three siblings—who were set to inherit that land from their mother subject to their father's life estate—sought to quiet title when their stepmother's estate sold the property to Jim and Linda Anderson and their corporation, T.A. Land.[1] The district court granted the Andersons' motion for summary judgment, finding that Iowa Code section 633.487 (2024) barred the siblings' action. Because the district court properly interpreted that statute, we affirm the grant of summary judgment.

## I. Facts and Prior Proceedings

When Helen Kleinendorst died in 1991, she devised a life estate in her Boone County farmland to her husband Lynn and the remainder interest to her three children—Warren Kleinendorst, Margaret Weuve, and Barbara Hoover—"in equal shares, share and share alike."[2] But the next year, the Jasper County Clerk of Court issued a change-of-title report from the probate proceedings suggesting that Lynn Kleinendorst held the real estate in fee simple.[3] The Boone County Recorder relied on that inaccurate report to update the transfer books.

Four years after Helen's death, Lynn married Dorothy Kleinendorst. Lynn died in 2016. His will described real estate that he owned in Jasper

---

[1] We will refer to these parties collectively as the Andersons. The stepmother's estate also sought summary judgment and joins the Andersons' briefing on appeal.

[2] For ease of reference, we will refer to Helen and Lynn's children as the siblings.

[3] The report did not mention that Helen's devise to Lynn was a life estate only or that she left a remainder interest to their children.

County, but not the Boone County farmland.[4] But the probate inventory listed both properties.[5] In 2017, the Boone County Recorder issued a court officer deed transferring the Boone County farmland to Dorothy.

In 2022, Dorothy died. The probate report for her estate listed the Boone County property as an asset valued at $295,000. In February 2023, Kristine Zimmerman, Dorothy's daughter and executor of her estate, sold that property to the Andersons. The following month, Warren Kleinendorst filed an affidavit attesting to his father's death, which terminated his life estate in that same property. Warren asserted that the property passed to him and his sisters through his mother's will and requested that the Boone County auditor enter that information on the transfer books. A few days after Warren filed that affidavit, the siblings petitioned to quiet title on the Boone County real estate. The petition named Zimmerman, as the executor and as a beneficiary of her mother's estate, as a defendant. An amended petition added the Andersons as defendants. The petition alleged that the defendants' claims to the premises were "wholly without right but constitute clouds on [the siblings'] title that [the siblings] desire to remove."

Dorothy's estate moved for summary judgment, joined by Zimmerman and the Andersons. They alleged that the siblings' action was time-barred under Iowa Code section 614.17A. They also alleged that the siblings' challenge was untimely under Iowa Code section 633.487, which "essentially cuts off the rights of persons who received notice of the final

---

[4] The will gave Dorothy a life estate in the Jasper County property with the children receiving equal shares after her death. The will devised the residue of Lynn's estate to Dorothy.

[5] At the time of Lynn's death, the value of the Jasper County property was $1,040,000 and the value of the Boone County property was $121,404.

report [of the estate's personal representative] to contest distribution or prior acts of administration, except in the case of fraud." *In re Est. of Sampson*, 838 N.W.2d 663, 667 (Iowa 2013).

The district court initially denied the motion for summary judgment, finding that the ten-year limitations period under section 614.17A had not run. And the court decided that only the Jasper County district court had jurisdiction over the probate questions under chapter 633.

The Andersons moved to reconsider, urging that the district court could decide the probate question. They noted that section 633.487 prohibits "any person" from challenging "the correctness or the legality of the inventory, the accounting, distribution, or other acts of the personal representative" if that person had notice of the estate's final report. After a second hearing, the district court granted the motion to reconsider and concluded that section 633.487 bars the siblings' action to quiet title.[6] The siblings appeal.

## II.    Scope and Standard of Review

Actions to quiet title lie in equity. Iowa Code § 649.6. So normally our review would be de novo. *Baratta v. Polk Cnty. Health Servs.*, 588 N.W.2d 107, 109 (Iowa 1999). But because we cannot find facts de novo in a summary-judgment appeal, we review for the correction of errors at law. *Id.* We review questions of statutory interpretation by the same standard. *Cnty. Bank v. Shalla*, 20 N.W.3d 812, 818 (Iowa 2025).

---

[6] The court still found that only the Jasper County district court had jurisdiction to decide whether any exceptions in chapter 633 applied.

## III. Analysis

The siblings contend that the district court erred in ruling that Iowa Code section 633.487 bars their action to quiet title. To address their contention, we start with that statute's language.

> No person, having been served with notice of the hearing upon the final report and accounting of a personal representative or having waived such notice, shall, after the entry of the final order approving the same and discharging the said personal representative, have any right to contest, in any proceeding, other than by appeal, the correctness or the legality of the inventory, the accounting, distribution, or other acts of the personal representative, or the list of heirs set forth in the final report of the personal representative, provided, however, that nothing contained in this section shall prohibit any action against the personal representative and the personal representative's surety under the provisions of section 633.186 on account of any fraud committed by the personal representative.

Iowa Code § 633.487. This provision appears in the Iowa Probate Code's subchapter VII (The Administration of Estates of Decedents), part 9, entitled Reopening. That part includes three provisions: section 633.487 (Limitation on rights), section 633.488 (Reopening settlement), and section 633.489 (Reopening administration).

In *Sampson*, our supreme court examined the interplay among those sections and found that the section titles informed its reading of legislative intent. 838 N.W.2d at 667; *see State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004) ("Although the title of a statute cannot limit the plain meaning of the text, it can be considered in determining legislative intent." (citation omitted)).

Against that structural backdrop, the siblings argue that the district court mistakenly decided "that section 633.487 established limitations on actions other than those seeking to reopen an estate." Relying on *Sampson*,

they argue the limitation on rights in section 633.487 pertains only to actions to reopen estates. And because they are not asking to reopen any estate, the siblings maintain that section 633.487 does not apply to their quiet title action.

In defending the district court's ruling, the Andersons argue that the siblings misread *Sampson*. In the Andersons' view, the *Sampson* analysis "makes clear that section 633.487 has far broader application than either section 633.488 or 633.489, the two sections that, by their plain text, actually are limited to reopening estates." To illustrate those broad implications, the Andersons focus on the phrases—"any right to contest" and "any proceeding"—from section 633.489. In their view, the word "any" extends the prohibited challenges beyond the reopening of a probate matter.

The Andersons also rely on *Youngblut v. Youngblut*, which explains that "Iowa Code section 633.487 is intended to give preclusive effect to the 'distribution' and 'the list of heirs' as to all persons with notice upon court approval of the final report." 945 N.W.2d 25, 37 (Iowa 2020) (concluding claim for interference with inheritance was barred because it was not brought in conjunction with a timely will contest). The Andersons reason that quieting title with the siblings would "in effect" cancel the distribution of property from their parents' estates.

The Andersons acknowledge that the district court concluded that section 633.487 only barred claims against Lynn's estate, because "the final report in Helen's estate did not mention the distribution of the property." Although the Andersons disagree with the district court's distinction, they allege we need only find that section 633.487 bars the siblings' action because they were served notice of the final reports and failed to challenge the correctness of the property distributions from either parent's estate.

After studying the text of section 633.487, as well as the supreme court's reasoning in *Sampson* and *Youngblut*, we are on the same page as the district court. As that court found, "The plain meaning of the *in any proceeding* phrase found in section 633.487 makes clear that the statutory bar can be raised outside of probate matters." It is undisputed that the siblings received notice of the final report in their father's probate case, as well as the 2017 court officer deed transferring the Boone County farmland to their stepmother. And as *Youngblut* instructs, the final probate decree "has res judicata effect on everyone who has been given notice." 945 N.W.2d at 37; *see Sampson*, 838 N.W.2d at 667. Thus, the siblings' quiet title action that challenged the distribution of the property, seven years after Lynn's life estate terminated, is precluded under the language of section 633.487.[7]

**AFFIRMED.**

---

[7] We have held that this statute "limits only the right to challenge acts of the personal representative or the list of heirs in the final report." *In re Estate of Prehoda*, 309 N.W.2d 516, 519 (Iowa Ct. App. 1981). This case differs from *Prehoda's Estate* because the siblings are contesting the legality of the inventory and distribution from their father's estate, which were acts of the personal representative.